FIRST DIVISION
February 21, 2006

No. 1-04-3851

THOMAS S. SMOLINSKI,                         )          Appeal from the
                                             )          Circuit Court of
                    Plaintiff-Appellant,     )          Cook County.
                                             )
v.                                           )          No. 00 D 330936
                                             )
JOHN C. VOJTA and                            )          Honorable
DELEA HARRIS,                                )          Samuel J. Bettar, III,
                                             )          Judges Presiding.
                    Defendants-Appellees.    )

JUSTICE GORDON delivered the opinion of the court:

Plaintiff, Thomas Smolinski, appeals from the denial of his "Motion for Judgment" in post-divorce-decree proceedings, which allegedly challenged an award of interim attorney fees in the preceding divorce action. We dismiss the appeal for lack of jurisdiction.

FACTUAL BACKGROUND

DeLea Harris, formerly DeLea Smolinski, filed a petition for dissolution of marriage from her husband, plaintiff, on the grounds of irreconcilable differences, on June 12, 2000. This pleading commenced over three years of contentious litigation. As shall be seen, the substantive details of this litigation do not impact the review of the dispositive issue at hand.

On March 26, 2001, the circuit court entered an order for interim attorney fees for DeLea's counsel, to be paid by plaintiff, in the amount of $5,000. Plaintiff moved the court to reconsider its order, contending that he could only comply with the order through selling his assets and arguing that DeLea had misstated both her available resources and necessary expenditures to the court. The court denied the motion to reconsider and ultimately held plaintiff

1-04-3851

in contempt, ordering him jailed for his failure to pay the interim attorney fees. Plaintiff went on to post bail in the amount of $5,000, which was subsequently released to DeLea's counsel, Vojta, on November 26, 2001.

The circuit court entered a final judgment for dissolution of marriage on December 18, 2003. The order observed "[t]hat the parties have consented to the entry of the Judgment for Dissolution of Marriage after the pre-trial conference held with this Court and following the recommendations of this Court." The order further provided that "each party shall keep all property currently in each others possession" and that "each party shall be responsible for their own attorney's fees."

Postdecree litigation, generally pertaining to the custody of the former couple's two children, began less than one month later. However, on November 22, 2004, over 11 months after the entry of the judgment of dissolution, plaintiff filed a "Petition for Judgment," unrelated to the custody litigation and allegedly attacking the prior award of interim attorney fees. The circuit court set the petition "for presentation" on December 6, 2004. On December 6, 2004, the court "being fully advised," per its order, denied the petition. Plaintiff filed his notice of appeal from this order on January 18, 2005.

ANALYSIS

On appeal, plaintiff contends that the circuit court erred in its determination that DeLea could not pay her own attorney fees. He further argues that interim attorney fees are statutorily contemplated as a loan to be repaid to the paying party at the conclusion of the divorce proceedings. We conclude that we are not able to proceed to the merits of these contentions

˘2˘

1-04-3851

because we lack jurisdiction over this appeal by reason of the fact that plaintiff's postjudgment pleading is an impermissible collateral attack on an issue that should have been appealed directly, and because we possess an inadequate record on appeal.

Even where jurisdiction is not raised by the parties, we "have an independent duty to ensure our jurisdiction is proper." Department of Public Aid ex rel. K.W. v. Lekberg, 295 Ill. App. 3d 1067, 1069 (1998); see also O'Donnell v. Sears, Roebuck & Co., 71 Ill. App. 3d 1, 5-6 (1979) ("None of the parties have raised the jurisdiction of this court as an issue. However, the parties cannot confer jurisdiction where none exists"). Plaintiff's notice of appeal, dated January 18, 2005, requests review of the December 6, 2004, order denying his petition. The notice is therefore filed well beyond 30 days after the denial of his petition and is untimely under Supreme Court Rule 303(a)(1). 107 Ill. 2d R. 303 a 1 ("the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from"). "Compliance with the deadlines for appeals set forth in Supreme Court Rule 303 is mandatory and jurisdictional Berg v. White, 357 Ill. App. 3d 496, 499, 828 N.e.2d 889, 892 2005 , so that we have no choice but to dismiss this tardy appeal.

Even if the notice of appeal from the order of December 6, 2004, denying his petition were timely, plaintiff could not prevail on that petition because, as shall be demonstrated, that petition could only be viewed as a collateral attack on the judgment of dissolution entered on December 18, 2003, and, as a collateral attack on such judgment, it could not raise matters that

1-04-3851

could have been raised in a direct appeal from that judgment.[1] Since it was filed 11 months after the final judgment in that proceeding was entered, it is clear that the petition for judgment urged by defendant would have no viability with respect to the original divorce proceedings except as a collateral attack upon it in the nature of a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)). The trial court would have been without jurisdiction to entertain any direct challenge since more than 30 days had passed from the time of the judgment of dissolution. See 735 ILCS 5/2-1203(a) (West 2004) ("In all cases tried without

---

[1] In point of fact, the judgment that plaintiff would be required to attack if he desired any review of the award of interim attorney fees would be the judgment of dissolution, though were he able to attack the order awarding interim attorney fees in isolation, that would only make his challenge that much more untimely. See In re Marriage of Dunseth, 260 Ill. App. 3d 816, 827-28 (1994) ("Temporary orders certainly may not be appealed immediately, on an interlocutory basis, before the entry of a final order. [Citation.] Once the final order is entered it must be assumed that the trial court has thereby adjusted for any inequity in its temporary orders. [Citation.] On appeal we should consider whether the trial court's *final* order, its overall resolution of the issues, is erroneous, not whether some part thereof is erroneous" (emphasis in original)); In re Marriage of King, 336 Ill. App. 3d 83, 88 (2002) (observing, in holding that an attorney fee award had merged into the judgment for dissolution, that "[t]he request for attorney fees in a dissolution action that has not yet been resolved is not an independent action and must be considered to be part of the overall divorce proceeding").

1-04-3851

a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief"); *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 895 1986 *The court in which a dissolution proceeding is pending has jurisdiction over the matter of attorney fees and continues to do so for a period of 30 days after entry of its final judgment*. The intervening postdecretal proceedings do not extend the original divorce proceeding as to the interim attorney fees which were terminated by the final order of dissolution. See 2 H. Gitlin, Gitlin on Divorce § 17-1(a), at 17-4 (3d ed. 2005) ("In a judgment of dissolution of marriage *** some provisions are nonmodifiable and others are modifiable and dynamic. Those provisions establishing the property rights of the parties are nonmodifiable, while those provisions relating to custody of children, child support, and maintenance are viable and dynamic and therefore can be modified by the court"); 750 ILCS 5/510(a) (West 2004) (providing for postdecree modification of maintenance); 750 ILCS 5/610(b) (West 2004) (providing for postdecree modification of maintenance); 750 ILCS 5/501(c-1)(2) (West 2004) (providing that "interim [attorney fee] awards *** shall be deemed to have been advances from the parties' marital estate"). Therefore, the filing of this petition for judgment in postdecretal proceedings addressing child custody cannot revest the court with jurisdiction over the attorney fees resolved in the final order of dissolution. Consequently, although not so identified by the *pro se* plaintiff in his pleading or appeal, the only basis on which plaintiff's petition can be given any jurisdictional viability is to view it as a collateral attack in the nature of a section 2-1401 petition. See 735 ILCS 5/2-1401 (West 2004). Such a

1-04-3851

petition permits judgments to be collaterally attacked by reason of "facts not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its entry" (Lacey v. Lacey, 24 Ill. App. 3d 776, 778 (1974)) and which " 'through no fault or negligence of [the petitioner], *** [were] not made to appear to the trial court' [Citation.]" (Smith v. Airoom, Inc., 114 Ill. 2d 209, 222 (1986)), or to "prevent enforcement of a *** judgment when it would be unfair, unjust, or unconscionable" (Smith, 114 Ill. 2d at 225; see also In re Marriage of Gurin, 212 Ill. App. 3d 806 (1991) (holding that property settlement could be reopened when obtained by fraud)), for up to two years following the judgment (see 735 ILCS 5/2-1401(c) ("the petition must be filed not later than 2 years after the entry of the order or judgment"); 2 H. Gitlin, Gitlin on Divorce § 16B-1.5, at 16B-2.1 (3d ed. 2005) ("Section 2-1401 of the Code of Civil Procedure governs the vacatur of all judgments 30 days after entry")).

However, as a section 2-1401 petition, the plaintiff's petition must fail because its grounds, namely, his relative indigence compared to his wife and her alleged misrepresentations as to her income and obligations, were fully argued before the circuit court and, as such, could have been raised in a direct appeal which was not forthcoming. Accordingly, they cannot now be invoked through a collateral attack under section 2-1401. Universal Outdoor, Inc. v. City of Des Plaines, 236 Ill. App. 3d 75, 80-81 (1992) ("A section 2-1401 petition is not intended to provide for review of an order from which a party could have taken a timely appeal, and such a petition is not to be invoked as a substitute for a party's right to appeal"); Stacke v. Bates, 225 Ill. App. 3d 1050, 1053 (1992) (precluding challenge to attorney fees in a divorce proceeding under a section 2-1401 petition); accord Jones v. Jones, 32 Ill. App. 2d 64 (1961) (abstract of op.).

1-04-3851

Finally, were we not required to dismiss this appeal on jurisdictional grounds, we would still be compelled to affirm based on the state of the record. Here, we do not even have the petition for judgment, the denial of which forms the basis of the appeal, included in the record. We do possess a copy of a pleading labeled "Petition for Judgment," the first page of which is date stamped November 22, 2004. However, it is plain to see that this cannot be the petition that was before the circuit court, for its averments detail its ultimate resolution. Specifically, the petition we possess states:

> "12. That on November 22, 2004 a petition for judgment was filed in this case for a rule for the return of Interim attorney fees. (exhibit H)[2]
>
> 13. That on November 22, 2004 a court date of December 6, 2004 was set for this matter.
>
> 14. That on December 6, 2004 a hearing on the petition for judgment of the return of interim attorney fees. An order was entered Judgment was denied. (exhibit J)"

Moreover, though the circuit court's order set December 6, 2004, as the date for "presentation" of plaintiff's petition, suggesting that a hearing with argument would take place, we have no

---

[2] None of the exhibits referred to in the petition were attached to the copy presented in the record.

1-04-3851

transcript, bystander's report, or agreed statement of facts, as required by Supreme Court Rule

323 (*166 Ill. 2d R 323 c, d*.

     The law is well settled that appellants bear the duty to "present a record \*\*\* which fairly

and fully presents all matters necessary and material for a decision of the question raised."

LaPlaca v. Gilbert & Wolf, Inc., 37 Ill. App. 3d 259, 260-61 (1976); see also Foutch v. O'Bryant,

99 Ill. 2d 389 (1984).  In the absence of such a record, we will not speculate as to what errors

may have occurred below.  As the court said in People v. Edwards:

> *A reviewing court may not guess at the harm to an appellant where a record is*
>
> *incomplete. This is not its role. Rather the reviewing court evaluates the record, as*
>
> *it is, for error. Where the record is insufficient or does not demonstrate the*
>
> *alleged error, the reviewing court must refrain from supposition and decide*
>
> *accordingly.*  People v. Edwards, 74 Ill. 2d 1, 7 (1978).

In fact, when the record on appeal is incomplete, a reviewing court should actually "indulge in

every reasonable presumption favorable to the judgment from which the appeal is taken,

including that the trial court ruled or acted correctly."  People v. Majer, 131 Ill. App. 3d 80, 84

(1985)); see also People v. Probst, 344 Ill. App. 3d 378, 385 (2003) (holding that where the

failure of an appellant to include a report of proceedings deprives a reviewing court of the ability

to scrutinize the reasoning behind a circuit court's decision, a reviewing court should affirm).

The presumption of correctness in the circuit court is especially strong when, as here, there is an

indication that the court below was "fully advised in the premises."  Mars v. Priester, 205 Ill.

App. 3d 1060, 1066 (1990); Boysen v. Antioch Sheet Metal, Inc., 16 Ill. App. 3d 331, 333

1-04-3851

(1974) ("Of further significance is that the judgment order expressly provides that the trial court heard evidence and was fully advised in the premises. Such language raises the presumption that the judgment is supported by the evidence in absence of any contrary indication in the order or record"). This presumption even operates to the extent that where the record lacks information of evidence presented at a hearing, a reviewing court will not assume none was heard and that the court s order, therefore, was improper. Instead, it will presume that the court heard adequate evidence to support the decision that was rendered unless the record indicates otherwise. *Webster v. Hartman*, 195 Ill. 2d 426, 433 2001, quoting *Skaggs v. Junis*, 28 Ill. 2d 199, 201-02 1963. Therefore, based on the inadequacy of the record in this case, we must presume the result below was correct. For all the foregoing reasons, we dismiss the appeal.

Appeal dismissed.

CAHILL, P.J., and McBRIDE, J., concur.