SECOND DIVISION
FILED: August 28, 2007

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

| | | |
|---|---|---|
| TRUSERV CORPORATION, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Petitioner-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | |
| ERNST & YOUNG LLP, | ) | |
| | ) | |
| Respondent-Appellee. | ) | Nos.  06 CH 01024 |
| _____ | ) | 06 CH 06902 |
| | ) | |
| ERNST & YOUNG LLP, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSERV CORPORATION, | ) | THE HONORABLE |
| | ) | SOPHIA H. HALL, |
| Respondent-Appellant. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

TruServ Corporation (TruServ), appeals from an order of the circuit court confirming an

arbitration award issued in a contract dispute with Ernst & Young LLP (Ernst & Young). The circuit

court confirmed the arbitration award in its entirety and denied TruServ's petition to vacate that

portion of the award requiring it to pay attorney fees and costs incurred by Ernst & Young. On

appeal, TruServ contends that (1) the arbitration panel exceeded its authority in awarding Ernst &

Young attorney fees and costs under section 10a(c) of the Illinois Consumer Fraud and Deceptive

Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 2004)), (2) the

arbitration panel exceeded its authority in awarding attorney fees and costs that were not recoverable

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

under the Consumer Fraud Act and were not supported by evidence establishing that they were incurred in defending the consumer fraud claim, and (3) the circuit court erred in denying TruServ's request for post-arbitration discovery. For the reasons that follow, we reverse and remand.

The record demonstrates that TruServ engaged Ernst & Young to perform financial auditing services for the fiscal years 1997, 1998, and 1999. The relationship between the parties was defined by a letter of engagement which provided for binding arbitration of all contract disputes that could not be resolved through voluntary mediation. The arbitration procedures contained in the contract provided, in relevant part, as follows:

> "The arbitrators may not award non-monetary or equitable relief of any sort. They shall have no power to award punitive damages or any other damages not measured by the prevailing party's actual damages, and the parties expressly waive their right to obtain such damages in arbitration or in any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitrators have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction. * * * The result of the arbitration will be binding on the parties, and judgment on the arbitrators' award may be entered in any court having jurisdiction."

The arbitration agreement also stated that it was to be governed by the Federal Arbitration Act. 9 U.S.C. § 1 et seq. (2000).

For the years 1997 and 1998, TruServ's reported financial results were disappointing but still profitable, and no material weaknesses were found in TruServ's financial reports. For 1999, Ernst

2

& Young discovered and reported material weaknesses in TruServ's financial statements that required the reporting of an unexpected loss of $131,000,000. Specifically, Ernst & Young found that, because TruServ had not performed account reconciliations on a timely basis, it was necessary to record a material adjustment in the fourth quarter of 1999, resulting in the $131,000,000 loss.

In July 2002, TruServ filed a demand for arbitration with the American Arbitration Association (AAA), asserting claims against Ernst & Young for breach of contract, professional malpractice, common-law fraud, and consumer fraud under the Consumer Fraud Act (815 ILCS 505/1 et seq. (West 2004)). All of TruServ's claims were predicated on allegations that Ernst & Young (1) failed to perform its financial audits in accordance with generally accepted auditing standards (GAAS), (2) failed to promptly discover and report that TruServ's financial statements contained material weaknesses, and (3) improperly certified that TruServ's financial statements for 1997 and 1998 had been prepared in accordance with generally accepted accounting principles (GAAP). As relief, TruServ sought to recover more than $500,000,000 in damages, including compensatory and punitive damages, and any other relief deemed appropriate. TruServ's claims were submitted to a panel of three arbitrators in accordance with the contract, and both parties requested an award for their attorney fees and costs. Specifically, TruServ sought to recover more than $10,000,000 in attorney fees and costs.

Following three years of arbitration proceedings, including extensive discovery and a 24-day evidentiary hearing, the arbitration panel dismissed all of TruServ's claims. The panel's decision was based on the determination that TruServ had failed to prove that Ernst & Young breached any of its auditing obligations. In particular, the panel found that (1) TruServ had failed to establish that its

financial statements for 1997 and 1998 contained material weaknesses, (2) Ernst & Young properly certified the 1997 and 1998 financial statements as having been prepared in accordance with GAAP, and (3) Ernst & Young complied with GAAS in performing its financial audits. In addition, the panel decided that Ernst & Young, as the prevailing party, was entitled to recover its reasonable attorney fees and costs incurred in defending the arbitration.

Thereafter, Ernst & Young submitted a petition for fees and costs of $18,232,518.19. In response, TruServ filed a motion to modify and/or clarify the fee award, asserting that the arbitration panel lacked authority to award attorney fees and costs. In deciding this motion, the panel recognized that its authority was limited by the parties' arbitration agreement and that their agreement did not expressly address the issue of attorney fees or expenses. The panel determined that the award of attorney fees and costs was authorized under section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c)) (West 2004)) and was properly based upon its finding that TruServ had shown bad faith in pursuing its claims. The panel further determined that, although TruServ had not demonstrated sufficient bad faith to satisfy the "categorical standard" applied by some Illinois courts, TruServ had failed to consider the extent of the audit work done by Ernst & Young prior to commencing the litigation and had pressed its case on several issues where it had no chance of success. The arbitration panel concluded that these circumstances established bad faith on TruServ's part.

The panel also found that the fees and costs incurred in defending the consumer fraud claim could not be differentiated from those incurred in defending the other claims because all of TruServ's claims were premised on the same central factual issues. Specifically noting instances of overstaffing, duplication of effort, and inflated increases in hourly rates, the panel reduced the fee request by more

4

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

than $6,000,000 and awarded Ernst & Young $12,191,000 as the reasonable attorney fees and costs incurred in the arbitration.

TruServ subsequently filed a petition in the circuit court seeking vacatur of the arbitration panel's award of attorney fees and costs. Ernst & Young cross-petitioned for confirmation of the award and entry of judgment thereon. Following arguments, the circuit court confirmed the arbitration panel's decision in its entirety, denied TruServ's petition to vacate, and entered judgment on the arbitration award. This appeal followed.

On appeal, TruServ asserts that the award of attorney fees and costs must be vacated because the arbitration panel exceeded the scope of its authority under the arbitration agreement. The issue of whether an arbitration panel has exceeded its authority is one of law, which we review de novo. Water Pipe Extension, Bureau of Engineering Laborers' Local 1092 v. City of Chicago, 318 Ill. App. 3d 628, 634, 741 N.E.2d 1093 (2000).

TruServ first argues that the arbitration panel exceeded its authority by awarding Ernst & Young attorney fees and costs under section 10a(c) of the Consumer Fraud Act in the absence of a finding of bad faith under the standard imposed by Supreme Court Rule 137. We disagree.

Both parties agree that resolution of this issue is governed by the supreme court's decision in Krautsack v. Anderson, 223 Ill. 2d 541, 861 N.E.2d 633 (2006), which clarified conflicting Illinois law with regard to the award of attorney fees and costs under section 10a(c) of the Consumer Fraud Act. In Krautsack, the supreme court resolved a split in authority among appellate decisions and held that the circuit court must make a threshold finding of bad faith by the plaintiff in order to award attorney fees and costs to a prevailing defendant under the Consumer Fraud Act. Krautsack, 223 Ill.

5

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

2d at 559-60. In addition, the court held that in seeking fees under section 10a(c) of the Consumer Fraud Act, a prevailing defendant is not limited by Supreme Court Rule 137, which provides sanctions for false or frivolous filings. Krautsack, 223 Ill. 2d at 561-62. In reaching this result, the supreme court concluded that, because Rule 137 addresses only the pleadings, motions and other papers filed in the action, it does not provide a sanction against all asserted instances of bad-faith conduct by a litigant or counsel during the course of the proceedings. Krautsack, 223 Ill. 2d at 562. The court recognized that, although a party's pleadings may conform to Rule 137, that party may be guilty of conduct, such as other rule violations, that amount to bad faith. Krautsack, 223 Ill. 2d at 562. The court held, therefore, that the failure to demonstrate bad faith by the plaintiff under Rule 137 is not fatal to a prevailing defendant's request for fees under the Consumer Fraud Act. Krautsack, 223 Ill. 2d at 562.

In this case, the arbitration panel specifically found that TruServ had demonstrated bad faith in pursuing its claims against Ernst & Young. In particular, the panel determined that, although TruServ had not shown sufficient bad faith to satisfy the "categorical standard" applied by some Illinois courts, it had failed to consider the extent of the audit work done by Ernst & Young prior to commencing the litigation and had pressed its case on several issues where it had no chance of success. The arbitration panel's reference to the "categorical standard" clearly related to the rule adopted in earlier appellate cases which held that attorney fees and costs could be awarded under section 10a(c) of the Consumer Fraud Act only if the standard for imposing sanctions under Rule 137 had been satisfied. That rule was specifically rejected in Krautsack, and the arbitration panel's award conforms to the controlling law as expressed by the supreme court. Accordingly, we reject TruServ's

6

assertion that the arbitration panel exceeded its authority by awarding attorney fees and costs in the absence of a finding of bad faith under Rule 137, and we hold that the circuit court correctly refused to vacate the fee award on this ground. See Krautsack, 223 Ill. 2d at 561-62.

TruServ also contends that the arbitration panel exceeded its powers by awarding attorney fees and costs that (1) were not shown to have been incurred in defending the consumer fraud claim, (2) were not supported by detailed evidence, and (3) were not recoverable under the Consumer Fraud Act. Initially, we reject TruServ's characterization of this issue as presenting a question of whether the arbitration panel exceeded the scope of its authority.

Citing section 10(a)(4) of the Federal Arbitration Act, which provides that an arbitration award may be vacated where the arbitrators have exceeded their powers (9 U.S.C. § 10(a)(4) (2000)), TruServ contends that the panel exceeded its powers because it failed to follow established law governing the award of attorney fees and costs. By asserting that the award of attorney fees and costs was invalid because it was not based on the proper precedent, TruServ's challenge is directed at the propriety of the award and not at the arbitration panel's power to decide the question. Therefore, this issue does not involve a question of whether the arbitration panel exceeded its authority; rather, it involves only a question of whether the panel committed an error of law in failing to follow precedent that TruServ asserts is controlling.

Turning to the substance of TruServ's argument, it is well established that courts encourage the settlement of disputes by arbitration. Garver v. Ferguson, 76 Ill. 2d 1, 8-9, 389 N.E.2d 1181 (1979); Jenkins v. Trinity Evangelical Lutheran Church, 356 Ill. App. 3d 504, 507, 825 N.E.2d 1206 (2005). Accordingly, judicial review of arbitration awards is far more restricted than appellate review

7

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

of a trial court's decision. American Federation of State, County & Municipal Employees v. The Department of Central Management Services, 173 Ill. 2d 299, 304, 671 N.E.2d 668 (1996); Rauh v. Rockford Products Corp., 143 Ill. 2d 377, 394, 574 N.E.2d 636 (1991). This limited review is warranted because the parties have agreed to have their dispute finally settled by an arbitrator without an appeal. Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 181 Ill. 2d 373, 381, 692 N.E.2d 1167 (1998); Garver, 76 Ill. 2d at 8-9.

If the award resolves a matter submitted by the parties for arbitration and contains the honest decision of the arbitrators after a full and fair hearing, a court will not set it aside for errors of fact or law. Roubik, 181 Ill. 2d at 381; Rauh, 143 Ill.2d at 394-95. Even where an arbitrator commits gross errors of judgment in law or a gross mistake of fact, a court should not vacate an arbitration award unless the mistakes or errors are apparent on the face of the arbitration award. Rauh, 143 Ill.2d at 393; Garver, 76 Ill. 2d at 7-8; Yorulmazoglu, 359 Ill. App. 3d at 565. To vacate an award based on a gross error of law, a reviewing court must be able to conclude from the face of the award that the arbitrators were so mistaken as to the law that, if apprised of the mistake, they would have ruled differently. Yorulmazoglu, 359 Ill. App. 3d at 565; Herricane Graphics, Inc., 354 Ill. App. 3d at 156. Alternatively, an arbitration award may be subject to vacatur for misapplication of the law where it is shown that the arbitrators deliberately disregarded what they knew to be the law. Quick & Reilly, Inc. v. Zielinski, 306 Ill. App. 3d 93, 99, 713 N.E.2d 739 (1999).

As noted above, TruServ has challenged the propriety of the arbitration award on three grounds. First, TruServ contends that the award was improper because Ernst & Young did not demonstrate that the requested attorney fees and costs were attributable to work specifically related

8

to the consumer fraud claim. This argument is unpersuasive. Illinois courts have held that when a party prevails on multiple claims, including a claim for consumer fraud, an award of all reasonable attorney fees and costs is proper where the claims were "based on the same evidence and the time spent on each issue could not be distinguished." Ciampi v. Ogden Chrysler Plymouth, Inc., 262 Ill. App. 3d 94, 115, 634 N.E.2d 448 (1994); see also Berlak v. Villa Scalabrini Home for the Aged, Inc., 284 Ill. App. 3d 231, 238-39, 671 N.E.2d 768 (1996). In awarding Ernst & Young $12,191,000 pursuant to section 10a(c) of the Consumer Fraud Act, the arbitration panel specifically found that the attorney fees and costs incurred in defending the consumer fraud count could not be differentiated from those incurred in defending the other counts because all of TruServ's claims were premised on the same central factual issues. Therefore, the arbitration award is not subject to vacatur on this ground where no gross error of law is apparent on the face of the award.

Second, TruServ asserts that the arbitration award was improper because Ernst & Young failed to support its petition for fees and costs with detailed records. Again, the face of the arbitration award does not reflect a gross error of law with regard to the sufficiency of the records supporting the fee petition. In addition, we observe that the petition for attorney fees and costs filed by Ernst & Young is not contained in the record on appeal. The law is well settled that the appellant bears the burden of presenting a sufficiently complete record to support his claim of error, and any doubts arising from the incompleteness of the record will be resolved against him. Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). Where the record is incomplete or does not demonstrate the alleged error, a court of review will not speculate as to what errors may have occurred below. Foutch, 99 Ill. 2d at 391-92; Smolinski v. Vojta, 363 Ill. App. 3d 752, 757, 844 N.E.2d 989 (2006).

9

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

Accordingly, we find that the arbitration award is not subject to vacatur based on insufficiency of the records supporting the fee petition.

Third, TruServ contends that the arbitration panel erroneously awarded attorney fees and costs that were not recoverable under section 10a(c) of the Consumer Fraud Act. In particular, TruServ has challenged the arbitration panel's award of costs for deposition fees, paralegal fees, expert witness fees, and "other expenses." The arbitration decision on attorney fees and costs reflects that the panel considered and implicitly rejected TruServ's objections to Ernst & Young's request for the expenses set forth above. In so doing, the panel stated that it had, in principle, accepted Ernst & Young's claim for time and expenses in determining the attorney fee issue. Thus, the arbitration panel determined that Ernst & Young was entitled to recover the litigation expenses challenged by TruServ.

With regard to deposition fees, the supreme court has held that deposition expenses are recoverable as costs if the depositions were necessarily used at trial. Galowich v. Beech Aircraft Corp., 92 Ill. 2d 157, 166, 441 N.E.2d 318 (1982). Based on the record before us, we cannot say that the deposition fees claimed by Ernst & Young were improper because the depositions were unnecessary or were not actually used at the arbitration hearing. Also, paralegal fees have been held to be separately compensable as costs of necessary legal services or as part of the attorney fees. In re Marriage of Ahmad, 198 Ill. App. 3d 15, 23-24, 555 N.E.2d 439 (1990); Merchandise National Bank v. Scanlon, 86 Ill. App. 3d 719, 727-28, 408 N.E.2d 248 (1980); but see Johnson v. Thomas, 342 Ill. App. 3d 382, 401-02, 794 N.E.2d 919 (2003). Consequently, we find that the award of

10

deposition and paralegal fees does not reflect a gross error of law that is apparent on the face of the award.

TruServ has also challenged the arbitration award based on its inclusion of "other expenses." On appeal, TruServ asserts that these "other expenses" include expenditures generally incurred during litigation, such as payment for outside photocopying, document coding, and travel. We observe that the arbitration award does not indicate the nature of these "other expenses." As with TruServ's argument regarding the lack of sufficiently detailed records, we are hampered by the fact that the fee petition is not included in the record on appeal. In the absence of a complete record, we will not speculate as to whether the arbitration panel improperly awarded costs for litigation expenses that are not recoverable under the Consumer Fraud Act. See Foutch, 99 Ill. 2d at 391-92; Smolinski, 363 Ill. App. 3d at 757. Therefore, we find that the arbitration award does not reflect a gross mistake of law and is not subject to vacatur based on the inclusion of costs for general litigation expenses.

With regard to the award of expert witness fees, the supreme court has held that the fees charged by expert witnesses are not recoverable under statutory provisions that permit a prevailing party to recover costs. Vicencio v. Lincoln-Way Builders, Inc., 204 Ill. 2d 295, 301-02, 789 N.E.2d 290 (2003). As noted above, the arbitration panel's decision on attorney fees and costs indicates that the panel considered and rejected TruServ's objection to the request for expert witness fees. Thus, the arbitration award demonstrates that the panel committed a gross mistake of law in awarding expert witness fees as costs. Accordingly, that portion of the arbitration award granting Ernst & Young expert witness fees must be vacated, and the circuit court's decision confirming the award in its entirety is reversed. Rauh, 143 Ill.2d at 393 (an arbitration award will be vacated where the face

11

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

of the award reflects that it was premised on a gross mistake of law or fact); see also <u>Garver</u>, 76 Ill. 2d at 7-8; <u>Yorulmazoglu</u>, 359 Ill. App. 3d at 565.

Finally, TruServ challenges the circuit court's denial of its request for discovery during the arbitration confirmation proceedings in the circuit court. In particular, TruServ sought discovery on the positions Ernst & Young had taken in prior, unrelated litigation with regard to the authority of an arbitration panel to award attorney fees and costs under the arbitration agreement. We note that TruServ has forfeited this issue on appeal because it failed to cite pertinent authority in support of its argument. See 210 Ill. 2d R. 341(h)(7) (argument portion of brief shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on, and points not argued are waived); <u>People v. Lantz</u>, 186 Ill. 2d 243, 261-62, 712 N.E.2d 314 (1999).

Moreover, even if this issue had been preserved for review, we would not alter the decision of the circuit court. It is firmly established that a circuit court has wide latitude in ruling on discovery motions, and a court of review will not disturb such a ruling unless it constitutes a manifest abuse of discretion. <u>Evitts v. DaimlerChrysler Motors Corp.</u>, 359 Ill. App. 3d 504, 513, 834 N.E.2d 942 (2005). A court abuses its discretion only where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view. <u>Evitts</u>, 359 Ill. App. 3d at 513.

The right to obtain discovery in an action to overturn an arbitral decision is strictly limited. See <u>O.R. Securities, Inc. v. Professional Planning Associates, Inc.</u>, 857 F.2d 742, 747 -48 (11th Cir. 1988); <u>Empresa Constructora Contex Limitada v. Iseki, Inc.</u>, 106 F. Supp. 2d 1020, 1024-25 (S.D.Cal. 2000). To justify discovery, the party challenging the arbitration decision has the burden

12

Nos. 1-06-2749 and 1-06-3484 (Consolidated)

of showing the alleged defect, such as partiality of the arbitrators or some other fundamental defect. Empresa Constructora Contex Limitada, 106 F. Supp. 2d at 1024-25; Woods v. Saturn Distribution Corp., 78 F.3d 424, 427 (9th Cir.1996). In the absence of clear evidence of impropriety, the party challenging the arbitration award will not be permitted to conduct additional discovery. Woods, 78 F.3d at 430. Such a showing is required before discovery in support of a challenge to an arbitral award is appropriate. See Woods, 78 F.3d at 430.

We find no abuse of discretion here, where TruServ has not shown clear evidence of impropriety or of any other fundamental defect in the arbitration proceeding that the requested discovery would substantiate. Therefore, we affirm the circuit court's denial of post-arbitration discovery regarding Ernst & Young's prior arguments in unrelated cases.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded to the circuit court with directions to remand the matter to the arbitration panel with instructions to vacate that portion of its award attributable to expert witness fees and to confirm and reinstate its award in all other respects.

Reversed and remanded with directions.

WOLFSON, P.J., and SOUTH, J., concur.

13