2023 IL App (1st) 230737-U

THIRD DIVISION
September 20, 2023

No. 1-23-0737

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF AFIRA QURESHI, | ) Appeal from the Circuit Court of |
| | ) Cook County. |
| Petitioner-Appellee, | ) |
| | ) |
| and | ) No. 2009 D 230047 |
| | ) |
| MUHAMMAD ASIF, | ) |
| | ) Honorable Jeanne M. Reynolds, |
| Respondent-Appellant. | ) Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Lampkin and R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held:* We affirm the judgment of the trial court because respondent has forfeited his arguments based upon his refusal to appear at trial and because he has presented an insufficient record to review his claims.  Affirmed.

¶ 2    Respondent Muhammad Asif (Muhammad) appeals *pro se* from a trial court order of dissolution of his marriage to petitioner Afira Qureshi (Afira).  On appeal, Muhammad contends that the trial court erred in considering various facts in awarding maintenance and child support, and he further accuses the trial judge of misconduct.  We affirm.

¶ 3                                    BACKGROUND

¶ 4     The record on appeal lacks a report of proceedings or acceptable substitute.  Accordingly, the following facts are taken from the limited record before us, which includes the trial court's docket entries, the pleadings, and the trial court's orders.

¶ 5     Afira and Muhammad were married in Pakistan on October 22, 2004, and they have two children:  N.A. (born October 17, 2006) and M.K. (born May 30, 2011).  On January 6, 2009, Afira filed a petition for custody of N.A.  The petition alleged that Muhammad had moved to New Jersey around June 2008, and since that time, the parties had lived separate and apart, and Muhammad had little contact with N.A.  On April 21, 2009, the trial court entered an order awarding custody of N.A. to Afira.  The order noted that Muhammad was served on March 19, 2009, but he failed to appear or otherwise plead.  The court then continued the cause to May 26, 2009.

¶ 6     On May 26, 2009, the trial court entered an order awarding $1,967.40 in monthly child support to Afira.  The order again noted that Muhammad had been served on March 19, 2009, but he failed to appear "and/or otherwise plead."[1]  The order further recited that Muhammad was employed earning a gross income of $160,000 per year, whereas Afira was unemployed.  The order added that Afira has been the primary caretaker of the minor child, who has resided with Afira since the parties' separation in June 2008.  In addition, the order stated that Muhammad "has made no effort and has had no contact with the minor child since the parties separated."

¶ 7     On January 26, 2023, Muhammad filed a petition for substitution of judge for cause.  In response, Afira filed a motion to strike and dismiss the petition.  On February 9, 2023, the trial court (presided over by a different judge) entered an order dismissing Muhammad's petition for

---

[1]  We note that the record before us includes what appears to be a letter (dated April 19, 2009) purportedly signed by Muhammad, which the court received on April 28, 2009.  In essence, the letter disputed Afira's allegations that he contributed little for child support.  Muhammad, however, did not file an appearance prior to (or contemporaneously with) this document.

substitution of judge with prejudice.  The court first noted that Muhammad appeared *pro se* and Afira appeared through counsel.  The court stated that Muhammad had filed two prior petitions for substitution of judge for cause (on November 3 and December 16, 2022, each of which was denied by a different judge) and that Muhammad had sent e-mails to various circuit court employees "wherein Muhammad stated that unless and until his Petition for Substitution of Judge is granted that he will continue to file said petition."  Consequently, the court barred Muhammad from filing any additional pleadings without leave of court and ordered Muhammad to pay Afira's attorney fees "incurred in this matter."

¶ 8     On February 23, 2023, the trial court entered an order dissolving the parties' marriage.  The order noted that the court had heard evidence and was "fully advised [in] the premises."  The order stated that Afira appeared in person and by her attorney, whereas Muhammad failed to appear, despite having notice and knowledge of the proceedings.  The order recited that the court reiterated that Muhammad had (1) sent "numerous" e-mails to the court and various other employees of both the court and the circuit court clerk  and (2) "stated verbally during the hearing on February 9, 2023 that he will no longer appear in this court room or participate in this case for any further proceedings in this matter."

¶ 9     The order further indicated that the court entered a temporary restraining order on March 21, 2022, resulting in Muhammad's checking and retirement accounts being " 'frozen' " based upon the court's finding that Muhammad had transferred $504,250 of marital funds to bank accounts and beneficiaries in Pakistan without Afira's knowledge or consent (and that those funds were at that time still unaccounted for).  Additionally, on June 27, 2022, the court found Muhammad in indirect civil contempt for violating the March 21 order by transferring $99,900 to an account in Pakistan, and it determined that the transfer would be considered an advance against Muhammad's share of the marital estate.  The order added that Afira provided evidence that

Muhammad transferred $2,121,785.31 to people and accounts in various locations, including Pakistan, Saudi Arabia, Qatar, Dubai, Tanzania, and Canada, without Afira's knowledge or consent "and for purposes unrelated to the marriage."

¶ 10    The court's February 2023 order awarded Afira custody of the parties' two children, child support in the amount of $1,961 per month, and maintenance in the amount of $6,831 per month. The court explained that Muhammad (1) failed to show the reason for his termination of employment with his prior employer or maintain a job diary as required by the court's order dated September 6, 2022; (2) "failed to provide any information on what his current source of income is" (noting that the only evidence available was his 2019, 2020, and 2021 income tax returns and W2 statements); and (3) did not petition the court for a modification of child support. The court thus based Muhammad's child support and maintenance obligations upon Afira's gross annual income of $65,586 and "the average of [r]espondent's three years gross annual earnings as reflected on his W2 statements[,] *** which equals $405,488.96."

¶ 11    As to the award of marital assets, the order initially stated that Muhammad had received an advance of $99,900 against his share of the marital estate (based upon the trial court's order dated March 12, 2022) and additional funds totaling $2,221,178.48. In addition to awarding Afira her motor vehicle, her checking accounts, her retirement accounts, the trial court also awarded Muhammad's checking accounts and his retirement accounts to Afira. The court observed that, even after these awards, Afira would nonetheless only have 41% of the marital estate whereas Muhammad would still retain 59%.

¶ 12    The order also found Muhammad in indirect civil contempt for his failure to comply with the court's order of September 6, 2022. That order required Muhammad to (1) produce documentation explaining "the destination and purpose of the wire-transfers" made from his bank accounts in addition to "the current status of the funds transferred" and (2) maintain a weekly job

diary listing "at least 15 entries per week, detailing the *** employer contacted and the job that was applied for as well as the response received." The court stated that "the appropriate purge in this matter" would be the amount of child support and maintenance payments that Muhammad should have paid but did not from the date that child support and maintenance payments were to begin (June 28, 2022) to October 11, 2022, which totaled $30,503.31.

¶ 13   Finally, the court found Muhammad to be in direct civil contempt based upon his conduct in sending e-mails containing "baseless, offensive, insulting[,] and abusive allegations to various employees of the Cook County Circuit Court and Cook County Clerk of the Circuit Court in an attempt to malign the reputations of this Court as well as counsel for [Afira]." The court found Muhammad's conduct was willful, contumacious, and in violation of Cook County Circuit Court Rule 13.11. The court reserved entry of a purge order.

¶ 14   On February 27, 2023, Muhammad filed a *pro se* "motion for reconsideration and redo the trial." Muhammad's 85-page motion initially explained that he was "under [the] impression that I can just submit the responses in writing and that is equivalent to me representing myself in the trials." Muhammad then acknowledged that "it seems I need to be present in the trials even if I have submitted all responses in writing. My apology that I was not aware of this process." Muhammad then asked the court to "reschedule the trial" and stated that he would "attend it for sure." Muhammad then provided numerous facts that he said were not considered, and he stated that he "was not allowed to speak about any of these facts in any of the hearings." In essence, Muhammad disputed the dissipation of assets claims, arguing that the amounts claimed were based upon "lies" and "greed" on the part of Afira's attorney. Muhammad further argued that the child support and maintenance awards failed to account for his current financial position.

¶ 15   On March 22, 2023, Afira filed a motion to strike and dismiss Muhammad's motion for reconsideration. Afira argued that Muhammad's motion—in which he conceded that he failed to

understand that he was required to appear at trial—did not provide a basis upon which to grant reconsideration. On March 29, 2023, the trial court entered an order granting Afira's motion to strike and dismiss Muhammad's motion. The preface of the order indicated that the cause came before the court for a "hearing" on Afira's motion to strike and dismiss Muhammad's motion.

¶ 16    This appeal follows.

¶ 17                                ANALYSIS

¶ 18    On appeal, Muhammad contends the trial court "ignored" the facts he presented to the court with respect to the awards of maintenance, property, and child support. Muhammad also argues that the order that "froze" his accounts was based upon "false dissipation charges and *** fake $3.2 million international wires." Muhammad further asserts that it is "clear" the trial judge "was being bribed." Although Afira did not file an appellee's brief in response to this appeal, we may nonetheless consider this appeal based solely on the record and respondent-appellant's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976) (reviewing court may decide the merits of the case if the record is simple and the court is able to dispose of the appeal without the aid of an appellee's brief).

¶ 19    As a preliminary matter, our review of Muhammad's appeal is hindered by his failure to fully comply with various rules of our supreme court pertaining to appeals. It is well established that our supreme court rules are not mere suggestions; rather, they have "the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). Although Muhammad is a *pro se* litigant, this status does not lessen his burden on appeal. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 ("In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys.").

¶ 20    First, Muhammad has failed to provide either a report of proceedings or an acceptable substitute for the hearing on the petition.  Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings.  See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 324 (eff. July 1, 2017).  If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323.  See Ill. S. Ct. R. 323 (eff. July 1, 2017).  The burden of providing a sufficient record on appeal rests with the appellant (here, Muhammad).  *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).  In the absence of such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings.  *Id.* at 392.  Furthermore, any doubts  arising from an incomplete record will be resolved against the appellant.  *Id.*; see also *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006) (noting that, "when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the trial court ruled or acted correctly' ") (quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985)).  "This is particularly true 'when the judgment order states that the court is fully advised in the premises.' " *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716, ¶ 30 (quoting *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988)).

¶ 21    In addition, Muhammad's brief does not comply with Rule 341.  See Ill. S. Ct. R. 341 (eff. Oct. 1, 2020).  In particular, Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."  Ill. S. Ct. R. 341(h)(6), (7)

(eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Here, although Muhammad used in part a form approved by the Illinois Supreme Court when filing his brief, he cites no pertinent legal authority on appeal, and his brief is a narrative of the case from his perspective. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Nonetheless, and with these significant limitations in mind, we now consider his claims.

¶ 22    In this case, Muhammad argues that the trial judge "ignored all the facts" he submitted to defend against Afira's dissipation of assets claim and asserts that it is "clear that [the judge] was being bribed" by Afira's attorney. He further argues that the court disregarded the facts that the parties had been separated since 2006 and that he had divorced Afira in 2017, resulting in (1) the court improperly taking "every penny [of his] based on fake $3.2 million international wires and (2) Afira being unable to "claim alimony or any right on my earned assets."

¶ 23    Muhammad, however, has forfeited any challenge to the trial court's award of maintenance, property, and child support because he failed to appear at any of the hearings on the petition. See *In re Marriage of Gabriel & Shamoun*, 2020 IL App (1st) 182710, ¶ 72 (holding that the respondent forfeited any challenge to the award of attorney fees due to his failure to respond to the petition and appear at the hearing). A party's failure to raise an issue before the trial court forfeits review of that issue on appeal. *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 63 (citing *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) ("It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal.")). The purpose of this rule is to encourage parties to raise issues in the trial court, thus ensuring that: (1) the trial court is given an opportunity to correct any errors *prior* to appeal and (2) a party does

not obtain a reversal through his or her own inaction. See *1010 Lake Shore Association v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14.

¶ 24 Here, Muhammad's failure to appear at the various trial-level hearings necessarily resulted in a failure to raise before the trial court all of his arguments that he now raises here. The limited record we have shows that Muhammad had ample opportunity to raise any objections in the trial court but willfully refused to do so. Since he chose to forgo that opportunity, "he is not now entitled to a do-over." *Gabriel & Shamoun*, 2020 IL App (1st) 182710, ¶ 72. On this basis alone, we may reject his claims of error and affirm the judgment of the trial court.

¶ 25 Muhammad has also failed to provide this court with either a report of proceedings or an acceptable substitute. There is no record supporting Muhammad's argument that the trial court improperly disregarded any evidence he presented. In addition, there is no record demonstrating any impropriety on the part of the trial judge. His claims are thus utterly unfounded. Where, as here, the record is incomplete or does not demonstrate the alleged error, we may not speculate as to what errors may have occurred below. See *Foutch*, 99 Ill. 2d at 391-92; *Smolinski*, 363 Ill. App. 3d at 757; see also *People v. Edwards*, 74 Ill. 2d 1, 7 (1978) ("A reviewing court may not guess at the harm to an appellant * * * where a record is incomplete. * * * Where the record is insufficient or does not demonstrate the alleged error, the reviewing court must refrain from supposition and decide accordingly."). Under these circumstances, as noted above, we must presume that the court acted in conformity with the law and with a sufficient factual basis for its findings. *Corral*, 217 Ill. 2d at 156-57. Consequently, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92. We must therefore reject Muhammad's claims on this additional ground.

¶ 26                                          CONCLUSION

¶ 27 Muhammad has forfeited his claims of error on appeal because he refused to appear at the relevant hearings that formed the basis of the orders from which he appeals. In addition, he has

9

forfeited his claims because he failed to provide this court with a complete record on appeal. Accordingly, we affirm the judgment of the trial court.

¶ 28    Affirmed.