2023 IL App (1st) 221189-U
Order filed: November 22, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-1189

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MICHAEL QUALIZZA, individually, and derivatively on behalf of DFQ Management LLC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22 CH 11088 |
| NEIL D. FREEMAN, | ) ) ) | Honorable Cecilia A. Horan, Judge, presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio III concurred in the judgment.

**ORDER**

*Held*: Appeal dismissed in part, where this court lacked jurisdiction over that portion of appeal challenging a ministerial order of the circuit court; injunction entered by the circuit court affirmed, where appellant forfeited argument on the merits and the record on appeal was insufficient to allow for meaningful review.

¶ 1    Plaintiff-appellant, Michael Qualizza, individually, and derivatively on behalf of DFQ Management LLC, filed this interlocutory appeal from the denial of his motion to vacate an order precluding him from directly communicating with either defendant-appellee, Neil D. Freeman, or Freeman's attorney, John Perkaus. On appeal, plaintiff contends that this order violated his right to due process and constituted an improper prior restraint in violation of his right to free speech under the United States and Illinois constitutions. For the following reasons, we dismiss this appeal

in part for lack of jurisdiction, affirm the judgment of the circuit court in part based upon plaintiff's forfeiture of an argument on the merits and the lack of a sufficient record on appeal, and remand this matter to the circuit court.

¶ 2    Plaintiff filed a complaint against defendant on November 14, 2022. Therein, plaintiff generally alleged that he and defendant were co-managers of DFQ Management LLC (DFQ), which managed and controlled the Last Hotel, a hotel located in St. Louis, Missouri. Defendant had allegedly taken actions detrimental to the value of the hotel and which threatened the potential sale of the hotel for $34 million. As a result of these alleged actions, the complaint sought: (1) the removal of defendant as a manager of DFQ, (2) damages for defendant's breach of fiduciary duty and breach of the DFQ operating agreement, and (3) various other injunctive relief.

¶ 3    After the matter had been litigated for over a year, on April 21, 2023, defendant's counsel Perkaus filed a motion seeking to stop plaintiff from directly contacting and harassing him. In that motion, Perkaus alleged that plaintiff had sent threatening and harassing emails to Perkaus and other opposing counsel, and two example emails were attached to the motion. The motion asked the circuit court to enter an order "directing Mr. Qualizza to refrain from directly contacting, threatening, insulting and harassing Perkaus." An amended motion containing similar allegations and requesting identical relief was filed three days later. Plaintiff responded by filing a motion to strike the motion on the grounds that Perkaus was simply trying to sully plaintiff's reputation with the circuit court and, because Perkaus was not a party to this action, he lacked standing in this case.

¶ 4    A Zoom hearing on the motion was held on May 1, 2022. No transcript of those proceedings is included in the record on appeal. Directly following that hearing, a draft order granting the relief requested in the motion was submitted to the circuit court by Perkaus. In addition, however, Perkaus also emailed the law clerk of the circuit court judge and defense

counsel following the hearing. In the email, Perkaus asserted that—following the hearing—defendant had provided Perkaus with a harassing email plaintiff had sent to defendant the previous day. The harassing email was attached, as well as an amended draft order that now also included a prohibition on plaintiff directly contacting defendant. Perkaus concluded his email by asking the law clerk to "advise if the judge would like to recall the case."

¶ 5 Plaintiff's counsel responded by email, complaining that the latest harassing email was provided to the circuit court following the hearing on the motion and that this communication with the circuit court constituted an improper *ex parte* communication with the court. Perkaus responded by email to plaintiff's counsel, the law clerk, and the circuit court's "calendar email" account, asserting that his prior email had been sent to the circuit court and opposing counsel simultaneously and asked that the amended draft order be entered by the court. On May 2, 2023, the circuit court entered the amended order drafted by Perkaus, in which it: (1) denied the motion to strike defendant's motion, and (2) granted defendant's motion and ordered plaintiff to "stop directly contacting Defendant's counsel John Perkaus, and Defendant Niel Freeman, all future contact shall be through the parties [*sic*] respective attorneys."

¶ 6 On May 17, 2023, plaintiff filed a motion to vacate or amend the May 2, 2023, order *nunc pro tunc*. Therein, plaintiff argued that the May 2, 2023, order was only entered after improper *ex parte* communication with the court, was improperly entered without permitting him an opportunity to respond substantively to the additional communications that occurred after the hearing on Perkaus' motion, and improperly granted broader relief than was requested in Perkaus' motion. Plaintiff contended that if he had been provided an opportunity to substantively respond to the request for broader relief, he would have noted that because he and defendant were co-managers of DFQ and were also "associates in other businesses, a blanket prohibition against

communications between Michael Qualizza and Neil D. Freeman would not only be extremely harmful to the businesses at issue, it would also constitute a violation of Michael Qualizza's First Amendment rights under both the United States and Illinois Constitutions and would be otherwise improper."

¶ 7     Plaintiff therefore argued that "the May 2, 2023 Order should be vacated or, at a minimum, amended *nunc pro tunc* to reflect the scope of the relief sought in the Perkaus Motion, and argued before the Court during the Zoom hearing conducted and concluded by the Court on May 1, 2023, and limited to communications between Plaintiff, Michael D. Qualizza, and Perkaus." Plaintiff filed a supplement to this motion on May 22, 2023, in which he complained that defendant had directly communicated with plaintiff by email, and "neither Attorney John D. Perkaus nor Neil D. Freeman should be allowed to complain that they are being contacted by Michael Qualizza while, at the same time, they are engaged in direct communications with Michael Qualizza outside the presence of his counsel."

¶ 8     On June 27, 2023, plaintiff filed another motion to vacate the May 2, 2023, order. Therein, plaintiff complained that the May 2, 2023, order was not supported by "specific findings" and was not supported by "substantial evidence," and that "the law in Illinois is clear that the entry of a blanket Order, under the circumstances, prohibiting Qualizza from communicating with John R. Perkaus, constitutes a 'prior restraint' and is invalid under both the Illinois and United States Constitutions."

¶ 9     On June 29, 2023, following a hearing, the circuit court entered an order providing that the "Motions of Plaintiff, Michael Qualizza, to Vacate or Amend the May 2, 2023 Order are denied for the reasons stated in open court." No report of proceedings for this hearing has been included in the record on appeal. On July 5, 2023, plaintiff filed a notice of interlocutory appeal from the

May 2, 2023, and June 29, 2023, orders, asking this court to "vacate the May 2, 2023 Order imposing an injunction on Michael S. Qualizza's right to the exercise of free speech."

¶ 10    Before addressing the merits of plaintiff's appeal, we must first consider whether appellate jurisdiction exists and the scope of our jurisdiction. *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 453 (2006) (a court has a duty to *sua sponte* determine whether it has jurisdiction to decide the issues presented). Here, plaintiff asserts that we have jurisdiction to review the May 2, 2023, and June 29, 2023, orders of the circuit court pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 11    Illinois Supreme Court Rule 307(a)(1) allows an interlocutory appeal of an order "granting, modifying, refusing, dissolving or refusing to dissolve or modify an injunction." *Id*. An injunction is defined as " 'a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights.' " *In re A Minor*, 127 Ill. 2d 247, 261 (1989) (quoting *Wangelin v. Goe*, 50 Ill. 459, 463 (1869)). Pursuant to Rule 307(a) (eff. Nov. 1, 2017), any appeal pursuant thereto "must be perfected within 30 days from the entry of the interlocutory order."

¶ 12    Even if the May 2, 2023, order constituted the granting of an injunction, plaintiff's notice of interlocutory appeal was not filed until July 5, 2023, more than 30 days later. We therefore lack jurisdiction to review the May 2, 2023, order. *Id*. This includes plaintiff's argument that the May 2, 2023, order was only entered after improper *ex parte* communications with the court, was improperly entered without permitting him an opportunity to respond substantively to the additional communications that occurred after the hearing on Perkaus' motion, and improperly granted broader relief than was requested in Perkaus' motion.

¶ 13 Notably, a motion attacking an interlocutory order will not toll the running of the 30-day deadline for the filing of the notice of appeal. *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1026 (2005). As such, plaintiff's motion to vacate did not allow plaintiff any additional time to appeal the May 2, 2023, order. However, the June 29, 2023, order denying plaintiff's motion to vacate the May 2, 2023, order could be viewed as being, in effect, an order refusing to dissolve or modify an injunction originally imposed in the May 2, 2023, order. To the extent that it was such an order, this court would have jurisdiction to review that order because plaintiff's notice of interlocutory appeal was timely filed on July 5, 2023. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017); *Doe v. Illinois Dept. of Professional Regulation*, 341 Ill. App. 3d 1053, 1059 (2003).

¶ 14 Nevertheless, and as our supreme court has made clear:

"Not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing. Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural details of litigation before the court—cannot be the subject of an interlocutory appeal. *** They do not affect the relationship of the parties in their everyday activity apart from the litigation, and are therefore distinguishable from traditional forms of injunctive relief." *In re A Minor*, 127 Ill. 2d 247, 261-62 (1989).

¶ 15 The June 29, 2023, order denied plaintiff's request to vacate a prior order precluding him from directly communicating with defendant or Perkaus, and instead ordering that any such communication be made through counsel. To the extent that any such communications would involve this litigation, we find that portion of the order to be properly characterized as a "ministerial" or an "administrative" order regulating only the procedural details of this case, and therefore not the proper subject of an interlocutory appeal under Rule 307(a)(1). *Id*. We therefore

lack jurisdiction to review the June 29, 2023, order to the extent that it regulated plaintiff's communications involving this litigation.

¶ 16    However, the circuit court's limitation on defendant's communications was in fact broader than that, where it generally ordered plaintiff to "stop directly contacting Defendant's counsel John Perkaus, and Defendant Niel Freeman, *all* future contact shall be through the parties [*sic*] respective attorneys." (Emphasis added.) Plaintiff has asserted that he and defendant are co-managers of DFQ and are also "associates in other businesses," and that the broad scope of the circuit court's order "would not only be extremely harmful to the businesses at issue, it would also constitute a violation of Michael Qualizza's First Amendment rights under both the United States and Illinois Constitutions." To the extent that that the circuit court's May 2, 2023, order broadly limited plaintiff's communications with defendant and Perkaus regarding matters outside of this litigation, we find that we have jurisdiction to review that portion of the June 29, 2023, order that denied plaintiff's motion to vacate.

¶ 17    Having addressed the nature and scope of our jurisdiction, we now turn to the merits of plaintiff's appeal from the June 29, 2023, order. With respect thereto, plaintiff first contends on appeal that the circuit court improperly denied his request to vacate the injunction imposed by the prior order. Plaintiff contends that the injunction improperly imposed a "a blanket prohibition against communications with defendant and Perkaus which operated as a " 'prior restraint' and, under the circumstances, a violation of Qualizza's right to Free Speech under both the United States and Illinois Constitutions." This comports with the arguments plaintiff raised below, where he consistently and repeatedly challenged the purportedly "blanket" prohibition against communication with defendant and Perkaus.

¶ 18    However, no such "blanket" prohibition was ever imposed. Rather, the circuit court merely

ordered plaintiff to stop *directly* communicating with defendant and Perkaus, and to instead communicate through counsel. Thus, plaintiff has never, either below or on appeal, directly and specifically raised a challenge to the actual injunction entered by the circuit court, nor has he offered any argument as to why requiring his communications with defendant or Perkaus to go through counsel violated his rights. Any challenge to that injunction is therefore forfeited on appeal. *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010, ¶ 24 ("Issues not raised below are forfeited."); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited.").

¶ 19 Finally, we note that on appeal plaintiff also complains that the June 29, 2023, order improperly denied his motion to vacate because the injunction imposed was not supported by "specific findings." However, that order specifically provided that the motion to vacate was denied "for the reasons stated in open court," and the record on appeal does not contain a transcript of either the May 1, 2023, or June 29, 2023, hearings.

¶ 20 As the appellant, plaintiff "has the burden of presenting a sufficiently complete record of the proceedings * * * to support a claim of error." *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003), citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, a reviewing court presumes that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. "In fact, when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the [circuit] court ruled or acted correctly.' " *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006), quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985). Here, while it is apparent from the record that the circuit court did provide reasoning for its decision, the record on appeal does not include that reasoning. We must therefore presume that the order entered by the circuit court was in conformity

with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 21    For the foregoing reasons, we dismiss this appeal in part and affirm in part the judgment of the circuit court, and remand this case to the circuit court.

¶ 22    Appeal dismissed in part and affirmed in part.

¶ 23    Cause remanded.