# Illinois Official Reports

## Appellate Court

---

### *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716

---

| | |
|---|---|
| Appellate Court Caption | LEONARD J. MANISCALCO and SACKETT SYSTEMS, INC., Plaintiffs-Appellants, v. PORTE BROWN, LLC, and THOMAS PORTE, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-18-0716 |
| Filed | November 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-63089; the Hon. Martin S. Agran, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | The Gooch Firm, of Wauconda (Thomas W. Gooch III and Sabina D. Walczyk, of counsel), for appellants.<br><br>Pretzel & Stouffer, Chtrd., of Chicago (Brendan J. Nelligan and Matthew J. Egan, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiffs, Leonard J. Maniscalco and Sackett Systems, Inc. (Sackett), filed a complaint against defendants, Porte Brown, LLC (Porte Brown) and Thomas Porte (Porte), alleging accounting malpractice. Defendants moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)), arguing that plaintiffs' claim was barred by both the statute of limitations and the statute of repose. The circuit court granted defendants' motion and denied plaintiffs' subsequent combined motion to vacate and for leave to file an amended complaint. Plaintiffs now appeal the court's orders dismissing their complaint and denying their combined motion. We affirm.

¶ 2                                    BACKGROUND

¶ 3    On August 21, 2017, plaintiffs filed their one-count complaint against defendants, alleging accounting malpractice. The complaint alleged that, in 1972, Maniscalco created Delta Equipment Company (Delta). About 10 years later, Maniscalco founded Sackett and was its chief executive officer. In April 1994, Maniscalco executed a retainer agreement with Porte Brown, a firm of certified public accountants. The agreement provided that Porte Brown would provide "all accounting services" to Sackett and eventually Delta and Maniscalco individually, as well. Thomas Porte, a partner at Porte Brown, was "principally responsible for all accounting services rendered" to plaintiffs.

¶ 4    Attached to the complaint was a retainer agreement executed in December 2005, which indicated that Porte Brown agreed to "comply with the standards for accounting services issued by the American Institute of Certified Public Accountants." Plaintiffs alleged that Porte Brown breached that agreement by furnishing advice that violated various provisions of the Internal Revenue Code, resulting in a judgment against Maniscalco.

¶ 5    In particular, plaintiffs alleged that, at "some point during 2009," it was discovered—"with the assistance of Porte Brown"—that Delta was not profitable and was losing substantial amounts of money. Delta was unable to pay rent to Maniscalco for the space it was occupying and could not repay its loans from Sackett or Maniscalco. Plaintiffs alleged that Porte should have known that the undercapitalization of Delta, a closely held company, increased the risk that the owners could lose corporate protection for their actions.

¶ 6    Plaintiffs further alleged that Porte Brown also failed to warn plaintiffs of the risks associated with using "clever accounting techniques to provide financial advantages to" plaintiffs but to the detriment of Delta's creditors. Plaintiffs alleged that Porte Brown assisted plaintiffs in spinning off another corporation known as Delta Power Systems as a separate company with Maniscalco as the sole shareholder. In addition, between 2007 and 2009, Porte Brown devised a "scheme" in which $100,000 would be transferred back and forth between Sackett and Delta "to create a fictitious loss." Plaintiffs alleged that the scheme was developed to reduce Delta's debt to Sackett and provide tax losses to Sackett, in violation of various Internal Revenue Code provisions. Plaintiffs noted that Steiner Electric sued Delta in 2009 and, due in part to Porte Brown's advice, Steiner Electric obtained a default judgment against Delta, which at that time was out of business and had no assets. Plaintiffs further claimed that allowing a default judgment against Delta, instead of having Delta file for bankruptcy protection, was financially advantageous to plaintiffs and was supported by outside legal counsel and Porte Brown. According to plaintiffs, the default judgment allowed Steiner

Electric to sue plaintiffs on October 26, 2010, in case No. 10 L 012239 (the Steiner Electric case), which resulted in Steiner piercing Delta's corporate veil and obtaining a judgment against Maniscalco and Sackett, jointly and severally. Plaintiffs claimed money damages in excess of $421,000.

¶ 7 On October 27, 2017, defendants moved to dismiss the complaint pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2016)). Defendants argued that plaintiffs' action was barred by both the two-year statute of limitations and the five-year statute of repose. Defendants noted that the circuit court docket for the Steiner Electric case indicated that attorney Terrence M. Jordan appeared on behalf of Maniscalco and Sackett in November 2010 and filed a motion for summary judgment that was denied in March 2013. Defendants attached a letter dated April 11, 2013, to their motion. The letter was from Jordan to Maniscalco and Sackett, and it stated that the two primary issues that caused the court to deny the motion for summary judgment were the management fee "designed by Porte Brown" and the joint account used to fund the pension and health plans "established at the direction of Porte Brown." Jordan opined in his letter that, absent those two facts, the circuit court would have granted his summary judgment motion and Steiner Electric likely could not have "filed the piercing of the corporate veil case in the first place." Jordan's letter then stated, "There may be a malpractice claim against Porte Brown for the advice concerning both the management fee and the setting up of the joint account."

¶ 8 Defendants also attached to their motion Porte's affidavit confirming that Porte Brown was a firm of certified public accountants and registered pursuant to the Illinois Public Accounting Act (225 ILCS 450/0.01 *et seq.* (West 2016)). Porte stated that he was an employee and partner of Porte Brown until his retirement in 2011 (and until 2012, a registered CPA), after which he performed "no accounting, professional services, or any other work" for plaintiffs, Delta, or any other entity. Porte added that, sometime in 2013, Maniscalco informed him that he and Sackett lost the Steiner Electric case. In addition, Porter recounted that Maniscalco showed Porter the letter from Jordan, advising Maniscalco to sue Porter. According to Porter, Maniscalco said he did not wish to sue a friend and asked Porter for financial help to pay the judgment.

¶ 9 Plaintiffs responded to defendants' motion to dismiss, asserting that the statute of limitations did not bar their claim because of Porte Brown's "continuous reassurances and representation" until the end of 2016. Plaintiffs further argued that their claim was timely under the statute of repose because their allegations, which had to be taken as true, established that they "did not realize" that there was a viable malpractice claim until late 2016. Plaintiffs included in their response the affidavit of Maniscalco, in which he stated that (1) he spoke to Porte around August 2015 regarding the judgment from the Steiner Electric case against him and Sackett and (2) defendants continued to assure him that his case was handled properly and provided "accounting services until the end of 2016" to his company. Maniscalco's affidavit neither denied receiving the letter from Jordan, nor disputed the statements in Porte's affidavit.

¶ 10 On January 5, 2018, following the filing of defendants' reply in support of their motion to dismiss, the circuit court granted defendants' motion "for reasons stated in court," finding that the complaint was barred by both the statute of limitations and the statute of repose. The court then dismissed the complaint with prejudice.

¶ 11 On March 2, 2018, the court issued an order denying plaintiffs' "motion to vacate portion of order dismissing cause with prejudice and to grant plaintiff leave to file an amended

- 3 -

complaint."[1] The court's order, which stated that it was "fully advised in the premises," found that plaintiffs' proposed amendments would not cure the defects in the original pleading that showed that the claim was time-barred. The record does not include a report of proceedings for this day. This appeal followed.

¶ 12                                    ANALYSIS
¶ 13                    The Statutes of Limitation and Repose

¶ 14    Plaintiffs first contend that the circuit court erred in granting defendants' motion to dismiss their complaint. Plaintiffs argue that their complaint was not time-barred under either the statute of limitations or the statute of repose.

¶ 15    Defendants' motion to dismiss was brought under section 2-619(a)(5) of the Code, which permits dismissal if the suit was not "commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2016). When faced with a motion to dismiss pursuant to section 2-619, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. As a result, a motion to dismiss under section 2-619 should not be granted unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* We review *de novo* orders dismissing claims under section 2-619. *Id.*

¶ 16    Plaintiffs' complaint alleged a single count of accounting malpractice. Section 13-214.2(a) of the Code provides in relevant part that an action alleging accounting malpractice "shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214.2(a) (West 2016). The parties agree that section 13-214.2(a) incorporates the "discovery rule, 'which delays commencement of the statute of limitations until the plaintiff knows or reasonably should have known' " of an actionable injury. *SK Partners I, LP v. Metro Consultants, Inc.*, 408 Ill. App. 3d 127, 130 (2011) (quoting *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 672 (1997)).

¶ 17    Since the failure to act within the time provided by law is an affirmative matter, no affidavit is required to support a section 2-619 motion if the affirmative matter asserted is apparent on the face of a pleading. *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 22 (citing *Asset Acceptance, LLC v. Tyler*, 2012 IL App (1st) 093559, ¶¶ 23-24 (citing *Sierens v. Clausen*, 60 Ill. 2d 585, 588 (1975))). Moreover, "in ruling on a section 2-619 motion, where the facts are undisputed and only one conclusion is evident, the court may determine the date of the commencement of the statute of limitations as a matter of law." *Goran v. Glieberman*, 276 Ill. App. 3d 590, 596 (1995) (citing *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995)).

¶ 18    In addition, with certain exceptions not relevant here, section 13-214.2(b) sets forth the period of repose, as follows: "In no event shall such action be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of the injury to the person bringing such action against a public accountant." 735 ILCS

---

[1]The proposed amended complaint, but not the motion itself, is included in the record on appeal. Although plaintiffs have included a copy of the motion in the appendix to their brief, it is axiomatic that a reviewing court "may not consider any matter that is not contained in the record." *O'Brien v. City of Chicago*, 285 Ill. App. 3d 864, 874 (1996).

5/13-214.2(b) (West 2016). Notably, a statute of repose gives effect to a policy different from that advanced by a period of limitations: a statute of repose is intended to "terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986).

¶ 19     In this case, we first consider whether plaintiffs' action is barred by the statute of repose. The facts here establish that it is. Plaintiffs filed their complaint in August 2017. Therefore, the statute of repose would bar any claim predicated upon a wrongful act occurring before August 2012. See 735 ILCS 5/13-214.2(b) (West 2016). Plaintiffs' complaint, however, alleges that the wrongful acts—the devising of the "scheme" described in the complaint—took place between 2007 and 2009, culminating in the 2009 default judgment in favor of Steiner Electric, which was then followed by the Steiner Electric case in 2010, resulting in a piercing of the corporate veil. All of these acts took place well before August 2012. On these facts, plaintiffs' claim was time-barred by the statute of repose.

¶ 20     Nonetheless, plaintiffs argue in reply that "the affidavit of Sackett [*sic*]" established that plaintiffs' claim was not barred by the statute of repose. As a preliminary matter, we will presume that plaintiffs are referring to Maniscalco's affidavit, since Sackett, a corporate entity, did not and could not execute an affidavit except through one of its officers. Maniscalco's affidavit asserted that defendants "continued to reassure Sackett they were doing everything properly and continued to provide accounting services for Sackett through the end of 2016." Plaintiffs' argument is unavailing for several reasons.

¶ 21     First, as noted above, the statute of repose terminates the possibility of liability even if a potential plaintiff lacks knowledge of a cause of action. *Holy Cross Hospital*, 111 Ill. 2d at 422. Here, plaintiffs' lack of knowledge of a potential cause of action against defendants does not toll the running of the statute of repose. This claim is thus without merit.

¶ 22     Second, plaintiffs implicitly appear to claim that defendants' purported assurances that everything was done "properly" and their continued providing of accounting services were part of the original wrongful acts. Although plaintiffs do not cite (nor does our research reveal) prior decisional law concerning whether the "continuous course of treatment doctrine" is applicable to actions sounding in accounting malpractice, we note that the statute of repose for legal malpractice actions is substantially the same as that for accounting malpractice actions. Compare 735 ILCS 5/13-214.3(c) (West 2016) (providing that, with certain nonrelevant exceptions, legal malpractice actions "may not be commenced in any event more than 6 years after the date on which the act or omission occurred"), with 735 ILCS 5/13-214.2(b) (West 2016) (generally providing that accounting malpractice actions shall "[i]n no event *** be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of the injury"). Illinois courts have repeatedly rejected the continuous course of treatment doctrine within the context of legal malpractice actions. See, *e.g.*, *Lamet v. Levin*, 2015 IL App (1st) 143105, ¶ 20 ("Illinois courts have consistently held that the statute of repose is not tolled merely by the continuation of the attorney-client relationship."); see also *Terra Foundation for American Art v. DLA Piper LLP (US)*, 2016 IL App (1st) 153285, ¶ 31 ("The statute of repose may not be tolled merely by the continuation of the attorney-client relationship.").

¶ 23     Nevertheless, we recognize that our supreme court has held that, since the statute of repose for medical malpractice actions includes the term "occurrence" as well as the terms "act or omission," that statute could also encompass claims for "continuing *negligent* course of

treatment for a specific condition." (Emphasis in original.) *Cunningham v. Huffman*, 154 Ill. 2d 398, 404-05 (1993). The accounting malpractice statute at issue here, however, does not include the term "occurrence"; rather, it is functionally equivalent to the legal malpractice statute of repose. We therefore hold that, as with the legal malpractice statute, the continuous course of treatment doctrine is inapplicable to accounting malpractice actions, even where, as here, the relationship continues beyond the purportedly tortuous act or omission.

¶ 24    Since we have held that plaintiffs' complaint is time-barred under the statute of repose, we need not address his claim that the complaint was timely under the statute of limitations. See *Lamet*, 2015 IL App (1st) 143105, ¶ 28. Nonetheless, were we to consider this issue on the merits, plaintiffs contention of error would fail.

¶ 25    As noted above, section 13-214.2(a) of the Code provides in pertinent part that accounting malpractice actions must be "commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission." 735 ILCS 5/13-214.2(a) (West 2016). Here, plaintiffs filed their complaint in August 2017, but the complaint alleged tortious actions on the part of defendants—namely, the "scheme" involving fictitious loss transfers between Sackett and Delta to evade Delta's creditors, including Steiner Electric—that took place between 2007 and 2009. In addition, plaintiffs further alleged that Steiner Electric was able to pierce the corporate veil of Delta to reach the assets of Sackett and Maniscalco individually. The letter from plaintiffs' attorney, Jordan, which was dated April 2013, clearly placed plaintiffs on notice that there "may" be a malpractice claim against defendants concerning their advice, which resulted in the piercing of the corporate veil claim. Finally, Porte's affidavit stated that he had retired from Porte Brown in 2011 and no longer provided any accounting or professional services after that date. On these facts, plaintiffs' August 2017 complaint was filed well beyond the applicable two-year statute of limitations.

¶ 26    Moreover, plaintiffs' reliance upon *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240 (1994), is unavailing. There, the defendant law firm "reassured [the plaintiff client] as to the soundness of [the plaintiff's] legal position." *Id.* at 252-53. Here, by contrast, Jordan clearly placed plaintiffs on notice of the possible existence of an accounting malpractice claim. Although plaintiffs assert that defendants similarly reassured them that defendants handled their accounting work properly, plaintiffs here could not reasonably rely upon defendants—an accounting firm and a CPA—to render competent legal advice, unlike the defendant in *Jackson Jordan*, a law firm that was also the target of the potential legal malpractice claim. *Jackson Jordan* is therefore distinguishable, and plaintiffs' reliance upon it is without merit. We must therefore reject plaintiffs' claim of error on this point.

¶ 27                    Plaintiffs' Combined Motion to Vacate and for Leave to Amend

¶ 28    Plaintiffs' remaining claim of error is that the circuit court erred in denying their combined motion (1) to vacate the portion of its January 5, 2018, order dismissing plaintiffs' complaint with prejudice and (2) for leave to file an amended complaint. Plaintiffs argue that allowing them to amend their complaint would have "further[ed] the ends of justice." No copy of the combined motion is in the record.

¶ 29    A circuit court's decision regarding both motions to vacate and also motions for leave to file an amended complaint will be upheld absent an abuse of discretion. See *Mills v. Ehler*, 407 Ill. 602, 611 (1950) (motions to vacate); *Claxton v. Grose*, 226 Ill. App. 3d 829, 830-31 (1992) (motions for postjudgment amendments). A court abuses its discretion only where its ruling is

"arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view." *TruServ Corp. v. Ernst & Young, LLP*, 376 Ill. App. 3d 218, 227 (2007).

¶ 30    Besides the fact that no copy of the motion is in the record, plaintiffs have failed to provide either a report of proceedings (or an acceptable substitute) for the hearing on their combined motion. Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 324 (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as bystander's report or an agreed statement of facts, as provided for in Rule 323. See Ill. S. Ct. R. 323 (eff. July 1, 2017). The burden of providing a sufficient record on appeal rests with the appellant (here, plaintiffs). *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 392. Furthermore, any doubts arising from an incomplete record will be resolved against the appellant. *Id.* This is particularly true "when the judgment order states that the court is fully advised in the premises." *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988).

¶ 31    In this case, the record on appeal indicates that plaintiffs' motion to vacate was filed on February 1, 2018, and on the same date, a motion was "scheduled" first on February 9, 2018, then on February 23, 2018, and finally, on March 2, 2018—the same date that the circuit court denied the combined motion. In addition, the court's order denying the motion indicated that it was "fully advised in the premises." Plaintiffs' claim largely depends upon what transpired at the hearing on their combined motion to vacate and for leave to amend. We are unable to determine, however, whether the circuit court erred in denying plaintiffs' motion to vacate and for leave to file an amended complaint. We must therefore presume the court acted in conformity with the law and with a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 392; *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 ("We cannot divine the trial court's reasoning in denying defendant's motion and cannot determine whether that decision constituted an abuse of discretion."); see also *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985) (holding that, when the record is incomplete, a reviewing court must indulge "every reasonable presumption" in favor of the judgment that is appealed, "including that the trial court ruled or acted correctly"). On this basis, we are compelled to affirm the court's judgment.

¶ 32    Moreover, even based upon the limited record before us, plaintiffs' claim would fail. The only meaningful difference between the dismissed complaint and the proposed amended complaint is that the proposed complaint includes allegations that (1) defendants continued to reassure plaintiffs of the propriety of their advice, (2) defendants continued to provide accounting services for plaintiffs, and (3) the letter from Jordan—whom plaintiffs characterized as unfamiliar with accounting or tax law—was indefinite when it stated that there "may" exist a cause of action against defendants. The proposed amended complaint appears never to have actually been presented to the trial court along with the motion to amend. Instead, it appears that the proposed amended complaint did not surface until after the circuit court had denied the motion to amend, and was added to the record "for purposes of preserving the record" sometime thereafter. Putting aside this procedural problem, even if the amended complaint were allowed, the additional allegations would nonetheless not prevent a dismissal

pursuant to the statutes of limitation or repose. Plaintiffs' final claim of error is therefore unavailing.

¶ 33                                              CONCLUSION

¶ 34        The circuit court did not err in granting defendants' motion to dismiss plaintiffs' complaint because the complaint was time-barred under both the statute of limitations and the statute of repose. In addition, the circuit court correctly denied plaintiffs' combined motion to vacate and for leave to file an amended complaint because (1) plaintiffs' failure to provide a transcript (or acceptable substitute) of the hearing on their combined motion compels us to hold that the court's order had a sufficient factual basis and legal foundation and (2) plaintiffs' claim of error fails on the merits. Accordingly, we affirm the court's judgment.

¶ 35        Affirmed.