2019 IL App (1st) 182058-U

No. 1-18-2058

SIXTH DIVISION
November 22, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| YVONNE TREADWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2015 L 12944 |
| | ) | |
| THE BOARD OF EDUCATION OF THE | ) | Honorable |
| CITY OF CHICAGO, | ) | Patricia O'Brien Sheahan, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | | |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's judgment granting defendant's motion for summary judgment where plaintiff has not presented a sufficient record for our review of her claims.

¶ 2    Plaintiff Yvonne Treadwell filed suit against defendant the Board of Education of the City of Chicago (Board) for retaliatory discharge under the Illinois Human Rights Act (IHRA) (775 ILCS 5/1-101 *et seq.*) (West 2014)). The circuit court of Cook County granted the Board's

motion for summary judgment. Treadwell appeals, contending that the circuit court erred in finding no genuine issue of material fact. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                     BACKGROUND

¶ 4    The following factual recitation, taken from the pleadings, exhibits, and orders of record, contains only what is necessary for our disposition of the issues on appeal. Treadwell was employed by the Board as a custodian from February 2005 through January 2014 at the Austin Multiplex Campus (Austin), a Chicago Public School. The lead custodian was John Henderson. In 2012, Treadwell complained to school principal Todd Yarch that Henderson had sexually harassed her. She subsequently filed a complaint with the Chicago Public Schools (CPS)'s Equal Opportunity Compliance Office (EOCO) alleging, *inter alia*, that Henderson sexually harassed her. On February 7, 2013, the EOCO notified Treadwell of its determination that there had been no violation of the Board's sexual harassment policy.

¶ 5    That same day, the CPS Office of Employee Engagement (OEE) notified Treadwell that they were removing her from duty with pay pending the outcome of a pre-suspension hearing based on an allegation that she made threatening remarks to her co-workers. Following an investigation, OEE found credible evidence existed to support the allegation that, on Monday, February 4, 2013, Treadwell stated via her work radio she was going to blow up the school building and body parts would be all over the school. OEE filed dismissal charges against Treadwell and the matter proceeded to a discharge hearing on November 15, 2013.

¶ 6    During the hearing, Fannie White, Latrice Kent, and Lyndon Glave[1], CPS custodians working with Treadwell on February 4, 2013, testified that they heard Treadwell announce over the custodians' radio that she was going to "blow up" the school with them in it, and their "body parts" would be "scattered" everywhere. Additionally, custodian Judy Jeffries testified that she heard Treadwell announce "Attention custodians," "blow up," and "I'm not going to help no one. I'm not going to help yawl [*sic*]." The next day the four custodians reported the incident to Yarch, the school principal, and the police. Yarch also filed a police report.

¶ 7    Treadwell testified that she never threatened anyone over the radio in February 2013. Rather, she testified that in January 2013, she informed school engineer Brian Pittmon via radio of a loud noise in the basement, which she felt was out of the ordinary. Pittmon investigated, shut off the boiler, and thanked her the next day. Treadwell assumed the building could have blown up had Pittmon not turned off the boiler.

¶ 8    Explaining the February 4, 2013, radio call, Treadwell stated that she contacted Glave, who was the stand-in lead custodian that day, via radio and asked why he had written her up without talking to her. She reminded him that she was "the one that heard the boiler and *** told Brian about it to stop it from blowing up the building. *** I could have easily walked out of here, but I save [*sic*] everybody. And yawl [*sic*] still acting crazy with me." According to Treadwell, she did not say anything over the radio about "body parts" and did not threaten any of the staff at Austin.

---

[1] Treadwell refers to Glave as "Lindon Glaze" or "Lyndon Glaze" throughout her deposition testimony, underlying pleadings, and appellate brief. According to the transcript of the Board's hearing, however, his name is spelled "Lyndon Glave."

¶ 9    On December 11, 2013, finding a sufficient basis to terminate her services as a CPS custodial worker, OEE suspended Treadwell without pay effective December 13, 2013, and recommended to the Board that Treadwell's employment be terminated. The Board approved the recommendation and on January 24, 2014, CPS informed Treadwell she was dismissed, effective immediately.

¶ 10    In June 2014, Treadwell filed a discrimination charge with the Illinois Department of Human Rights (IDHR), alleging that she was terminated in retaliation for reporting Henderson's sexual harassment, which triggered the "false accusations" against her. On September 30, 2015, IDHR dismissed the complaint due to a lack of substantial evidence supporting Treadwell's allegation. Treadwell then filed a timely retaliatory discharge action under the Illinois Human Rights Act against the Board in the Circuit Court of Cook County.[2]

¶ 11    In Treadwell's 2016 amended complaint, she alleged, as relevant here, that she was discharged in retaliation for reporting Henderson's sexual harassment.[3] Specifically, she alleged that Yarch, Jeffries, Glave, White, and Reggie Hubbard interfered with her employment by "incorrectly alleging" she threatened to bomb the school building, and that Henderson instigated Hubbard, Jeffries, Glaze, and White to make the untrue comments. Treadwell claimed that "an inference of retaliatory motivation" was raised by the short period of time between her February

---

[2] Pursuant to section 7A-102(D)(3) of the Illinois Human Rights Act (775 ILCS 5/7A-102(D)(3) (West 2014)), when the IDHR dismisses a discrimination complaint, the complainant may, within 90 days, seek review of the decision by the IDHR or, as Treadwell did here, file a civil action in the circuit court.

[3] Treadwell filed another amended complaint on October 13, 2017. However, the trial court struck that amended complaint on October 25, 2017, and thus the 2016 amended complaint is the operative pleading here. The 2016 amended complaint included additional counts against the Board, as well as against Yarch and Henderson individually, all of which were dismissed with prejudice during the course of the litigation. Treadwell does not appeal those dismissals.

2013 suspension, "which was triggered by her reporting of sexual harassment," and her January 2014 termination. Treadwell alleged that the Board, under the doctrine of *respondeat superior*, was liable for the conduct of its employees Yarch, Hubbard, Jeffries, Glave, and White.

¶ 12    The Board filed a motion for summary judgment, attaching numerous exhibits, including depositions from Treadwell, Yarch, Henderson, and an EOCO administrator, as well as an audio transcript of the dismissal hearing and CPS documents. Treadwell filed a response, which is not included in the record on appeal.

¶ 13    After an August 30, 2018, hearing, the circuit court granted summary judgment in favor of the Board. In its written order, the court dismissed Treadwell's complaint with prejudice "for reasons stated in open court and incorporated into the transcript of the proceedings for today's hearing." This appeal followed.

¶ 14                                                ANALYSIS

¶ 15    We note that we have jurisdiction to review this matter, as Treadwell filed a timely notice of appeal following the entry of summary judgment. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 16    As an initial matter, Treadwell's brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341, which governs the content of appellate briefs. For example, her "Points and Authorities" statement does not set forth the requisite argument headings (see Rule 341(h)(1)), her statement of jurisdiction does not establish the basis for our jurisdiction (see Rule 341(h)(4)(ii)), and her argument section contains neither citations to the record nor citations to legal authority supporting her claims (see Rule 341(h)(7)).

¶ 17    Further, in violation of Rule 341(h)(6), Treadwell's cursory statement of facts does not set forth "the facts necessary to an understanding of the case," and a number of facts she does set forth are blatant misrepresentations of the record. For example, she baldly states that Henderson is a convicted felon, when he specifically testified under oath that he was not. In addition, she purports to quote from the "deposition" of Patricia Sanders when there is no Sanders deposition in the record. Treadwell's citations to this "deposition," correspond to an affidavit of Sanders and to the Board's reply in support of its motion for summary judgment, neither of which contains the quoted language. Indeed, the Sanders affidavit was filed with Treadwell's October 13, 2017 amended complaint, which was stricken by the circuit court on October 25, 2017; it does not appear anywhere else in the record.

¶ 18    The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Nevertheless, because as we have the benefit of the Board's cogent brief, we will address the merits of Treadwell's appeal. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 19    Summary judgment is appropriate where the pleadings, depositions, admissions on file, and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014). "Although a plaintiff is not required to prove his case at the summary judgment stage, in order to survive a motion for summary judgment, the nonmoving party must present a factual basis that would arguably entitle the party to a judgment." *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002). We

review the trial court's decision to grant summary judgment *de novo*, and construe all evidence in the record strictly against the moving party and liberally in favor of the nonmoving party. *Seymour v. Collins*, 2015 IL 118432, ¶ 49.

¶ 20    In assessing Treadwell's retaliatory discharge claim under the IHRA, we are guided by federal case law relating to federal anti-discrimination statutes, including Title VII of the Civil Rights Act of 1964. See *Zaderaka v. Illinois Human Rights Com'n*, 131 Ill. 2d 172, 178 (1989); *Lau v. Abbott Laboratories*, 2019 IL App (2d) 180456, ¶ 38. There are two methods of establishing a retaliatory discharge claim under the IHRA: the direct method and the indirect method. *Boston v. U.S. Steel Corp.*, 816 F. 3d 455, 463 (7th Cir. 2016). Under the direct method, Treadwell had to establish a causal connection between her filing the sexual harassment complaint and her discharge. *Id*. at 464. And under the indirect method, she had to establish the Board's reason for her discharge was actually a pretext for discrimination. *Id*.

¶ 21    Treadwell contends that she presented sufficient evidence to defeat summary judgment under either method. The Board counters that Treadwell has not presented a sufficient record on appeal to support her contentions. We agree.

¶ 22    As the appellant, it was Treadwell's burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman,* 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017).  In the absence of such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Fouch v. O'Bryant,* 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will be resolved against the appellant (*id*. at 392), particularly

where, as here, the judgment order states the court is fully advised in the premises. (*Maniscalco v. Porte Brown, LLC,* 2018 IL App (1st) 180716, ¶ 30.)

¶ 23    In this case, Treadwell has not included her response to the motion for summary judgment, or any attachments to her response, in the record on appeal.[4] Nor has she included a transcript of the summary judgment hearing in the record on appeal, or prepared a bystander's report as provided in Illinois Supreme Court Rule 323(c) (eff. July 1, 2017)). Without these materials, it is impossible for us to conduct a *de novo* review of the circuit court's conclusion that Treadwell failed to establish a genuine issue of material fact regarding her retaliatory discharge claim. Instead, we must presume the circuit court acted in conformity with the standards applicable to motions for summary judgment and had a sufficient factual basis for entering summary judgment in favor of the Board. *Foutch*, 99 Ill. 2d at 391-92.

¶ 24                                  CONCLUSION

¶ 25    For this reason, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.

---

[4] The Board's reply in support of its motion for summary judgment reflects that plaintiff did, in fact, file a response to the motion. Treadwell does not cite to that response in her brief on appeal, and has not filed a reply brief.