2021 IL App (1st) 201392-U

No. 1-20-1392

Order filed November 12, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| AUSTIN FRIEDER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 000259 |
| | ) | |
| CLASSIC REALTY ADVISORS INC. d/b/a CLASSIC | ) | Honorable |
| REALTY GROUP, INC., an Illinois domestic | ) | Margaret Brennan, |
| corporation, and ADAM MENDEZ, Individually, | ) | Judge, Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Sheldon Harris and Mary Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's grant of defendants' section 2-1401 (735 ILCS 5/2-1401 (West 2018)) petition was not an abuse of discretion where defendants' delay in responding to the underlying suit was reasonable given the limitations created by the Covid-19 Pandemic and plaintiff was not prejudiced. We also affirm the circuit court's denial of plaintiff's discovery request in the section 2-1401 proceedings where the lack of a complete record precluded review of the circuit court's ruling.

¶ 2 Plaintiff Austin Frieder filed suit against defendants Classic Realty Advisors Inc. d/b/a Classic Realty Group, Inc. and its president, Adam Mendez, seeking payment of unpaid wages in the form of real estate commissions pursuant to the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 2018)) and for breach of contract. On August 8, 2020, a default judgment was entered against defendants, and they subsequently filed a petition to vacate the default pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)).  After hearing, the circuit court granted defendant's motion to vacate on December 4, 2020. Plaintiff has appealed, contending that the circuit court improperly granted defendants' section 2-1401 petition where: (1) defendants did not establish and exercise due diligence in presenting their petition and any defenses; (2) defendants did not plead and establish a meritorious defense in their petition; and (3) the circuit court did not permit discovery regarding the petition to vacate. For the reasons set forth herein, we affirm.

¶ 3 The facts of this case are not in dispute. Plaintiff filed his suit for unpaid commissions under the Wage Act and for breach of contract on January 9, 2019. Defendants filed their appearance through counsel, Michael Kelly, on April 17, 2019, and were granted an extension to file their answers, affirmative defenses, and counterclaims, which they did on May 29, 2019. In their pleadings, defendants raised affirmative defenses to plaintiff's claims as follows: (1) in response to plaintiff's Wage Act claim, defendants argued that plaintiff was an independent contractor and not an employee; (2) in response to both claims, defendants argued that the complaint failed to name the proper party as plaintiff[1] and plaintiff had no standing to sue; (3) in

---

[1] Defendants contended that they paid all commissions due to ACFrieder, Inc. as directed by plaintiff, which in turn was responsible for paying plaintiff directly, and thus ACFrieder, Inc. was the proper plaintiff.

response to both claims, defendants argued that they had already paid the commissions claimed in plaintiff's suit; and (4) in response to both claims, defendants argued that plaintiff breached the relevant contract prior to the events allegedly giving rise to his claims. Additionally, defendants filed two counterclaims against plaintiff for set-offs for monies paid to him and on his behalf.

¶ 4    On February 18, 2020, Kelly was allowed to withdraw from the case as defendants' counsel. The circuit court ordered defendants to appear by March 10, 2020, and Classic Realty to retain an attorney. Shortly thereafter, the United States experienced the Covid-19 pandemic.[2] On March 16, 2020, plaintiff served a notice of motion for default on defendants. The following day, Cook County General Administrative Order (GAO) 20-01 took effect, which suspended most Law Division civil proceedings as a result of the Covid-19 pandemic. On July 6, 2020, GAO 20-6 took effect and Law Division civil proceedings resumed. On July 9, 2020, plaintiff filed an amended motion for default seeking interest that accrued during the Covid-19 pandemic and the matter was set for hearing on July 30, 2020. Subsequently, on August 11, 2020, the circuit court entered a default judgment against defendants upon a finding that defendants failed to file an appearance, despite defendants' prior appearance, answer, affirmative defenses, and counterclaims that were previously filed by their former counsel.

¶ 5    Defendants retained new counsel in mid-September 2020 and filed a section 2-1401 (735 ILCS 5/2-1401 (West 2018)) petition to vacate the default judgment on September 29, 2020. The petition cited defendants' difficulty in obtaining replacement counsel due to the Covid-19 pandemic and lack of notice of the default judgment proceedings. Additionally, the petition stated

---

[2] We take judicial notice that on March 12, 2020, the governor of the State of Illinois, J.B. Pritzker, first proclaimed a Covid-19 Disaster (GUBERNATORIAL PROCLAMATION (illinois.gov)), and the first State of Illinois Executive Order which instituted a quarantine in response to Covid-19 was issued on March 13, 2020 (Executive Order (illinois.gov)).

that prior counsel filed an answer to the complaint on May 29, 2019, which contained defendants' affirmative defenses and counterclaims. Defendants also attached an affidavit to the petition. On October 6, 2020, plaintiff filed a motion to dismiss defendants' section 2-1401 petition pursuant to section 2.619.1 (735 ILCS 5/2-619.1 (West 2018)). In his motion, plaintiff argued that defendants' petition to vacate failed to plead any facts establishing due diligence or meritorious defense, and further that there were no facts that would entitle defendants to relief based on the circumstances of the case. He sought a dismissal of the petition with prejudice. On October 21, 2020, a status hearing was held on defendants' section 2-1401 petition and plaintiff's motion to dismiss the petition. The trial court entered an order stating that it considered plaintiff's motion to dismiss to be a response to the petition, and that a written decision would be forthcoming. The order further stated that the court was "fully advised in the premises." No report of proceedings or acceptable substitute for this hearing was included with the record on appeal.

¶ 6     The circuit court subsequently issued a written memorandum order on December 4, 2020. In its written order, the circuit court granted defendants' section 2-1401 petition, finding that "[g]iven the difficulties posed by the Covid-19 pandemic, and the fact that the Defendants had answered and previously defended against Plaintiff's claims, the Court finds that these acts are sufficient to establish due diligence on the part of the Defendants. Additionally, as the Court prefers to adjudge cases on the merits, the Court in its discretion sees no reason to deny the Defendants' Section 2-1401 Petition."

¶ 7     Plaintiff's notice of appeal was filed on December 28, 2020. A judgment or order granting or denying relief on a section 2-1401 petition as provided in Supreme Court Rule 304 (b)(3) (Ill.

S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016) vests jurisdiction in the appellate court. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 496-97 (1998).

¶ 8       On appeal, plaintiff contends that the circuit court improperly granted defendants' section 2-1401 petition where: (1) defendants did not establish and exercise due diligence in presenting their petition and any defenses; (2) defendants did not plead and establish a meritorious defense in their petition; and (3) the circuit court did not permit discovery regarding the petition to vacate.

¶ 9       Plaintiff's challenges to the circuit court's grant of the section 2-1401 petition relate to the substance of the section 2-1401 petition. Specifically, plaintiff argues that defendants failed to establish or exercise due diligence in presenting their petition and any defenses. He maintains that the circuit court improperly ruled that the Covid-19 pandemic's implications gave rise to due diligence; that between February 2020 and August 2020, defendants received five direct written notices of the proceedings and six additional months to appear; and defendants' affidavit in support of the petition was insufficient to establish their due diligence in defending the underlying suit. Additionally, plaintiff argues that the petition failed to plead any facts in support of a meritorious defense. Accordingly, plaintiff concludes that defendants' section 2-1401 petition was insufficient as a matter of law.

¶ 10      Section 2-1401 of the Code "authoriz[es] a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. It provides a statutory mechanism by which a final judgment may be vacated or modified more than 30 days after its entry. 735 ILCS 5/2-1401 (West 2018). Proceedings under section 2-1401 must be brought no later than two years after the entry of the

challenged order or judgment. *Id*. § 2-1401(c). Additionally, section 2-1401 petitions must be "supported by affidavit or other appropriate showing as to matters not of record." *Id.* §2-1401(b).

¶ 11    A section 2-1401 petition, although filed in the same proceeding, is the commencement of a new cause of action and is not a continuation of the proceeding in which the prior judgment was entered. *Village of Island Lake v. Parkway Bank & Trust Co.*, 212 Ill. App. 3d 115, 120 (1991). Relief is predicated upon proof, by a preponderance of the evidence, of a meritorious claim or defense in the original action and of due diligence in pursuing both the original action and the section 2-1401 petition. *Mills v. McDuffa*, 393 Ill. App. 3d 940, 946 (2009).

¶ 12    To be entitled to relief under section 2-1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting that claim or defense in the original action; and (3) due diligence in presenting the section 2-1401 petition. *Cavitt v. Repel*, 2015 IL App (1st) 133382, ¶ 46. Time during which the ground for relief is fraudulently concealed is excluded from the two-year filing requirement. *Id.*  As to the requirement of due diligence, justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence. *Glavinskas v. William L. Dawson Nursing Center, Inc.*, 392 Ill. App. 3d 347, 353 (2008).  A petition for relief from a judgment or a decree is to be considered in light of equitable principles. *Zimmerman v. Village of Skokie*, 174 Ill. App. 3d 10001, 1007 (1988).

¶ 13    A section 2-1401 petition can present either a factual or legal challenge to a final judgment or order. *Warren County Soil*, 2015 IL 117783, ¶ 31. The nature of the challenge presented dictates the proper standard of review. *Id.* Review after an evidentiary hearing is abuse of discretion while judgment on the pleadings or dismissal of a section 2-1401 petition, a purely legal question, is *de*

*novo*. *Id.*, ¶¶ 44-47. In this case, the circuit court conducted an evidentiary hearing on defendants' section 2-1401 petition, thus the proper standard of review is abuse of discretion.

¶ 14    The record reveals that plaintiff filed a motion to dismiss defendants' section 2-1401 petition.  However, the circuit court recharacterized and treated plaintiff's motion to dismiss the section 2-1401 petition as a response to the petition after a hearing on both defendants' petition and plaintiff's motion to dismiss. The written order from that hearing indicates that the circuit court was "fully advised in the premises." The record does not reflect that plaintiff challenged that characterization or treatment, and plaintiff does not challenge such characterization on appeal. Additionally, as noted above, no report of proceedings or acceptable substitute was filed from the hearing that resulted in plaintiff's motion being recharacterized as a response.

¶ 15    Illinois Supreme Rules 321[3] and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 324 (eff. July 1, 2017).  If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323. Ill. S. Ct. R. 323 (eff. July 1, 2017). The burden of providing a sufficient record on appeal rests with the appellant (here, plaintiff). *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716, ¶ 30; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92. In the absence of such a record, we must presume that the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 392. Furthermore, any doubts arising from an incomplete record will be resolved against the appellant. *Id.* This is particularly true "'when the judgment

---

[3] Rule 321 has since been amended by 2021 Illinois Court Order 0037 entered September 29, 2021, effective October 1, 2021.

order states that the court is fully advised in the premises.'" *Maniscalco*, 2018 IL App (1st) 180716, ¶ 31 (citing *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988)).

¶ 16    As plaintiff has failed to file a complete record, we presume that the circuit court's ruling conformed to the law and had a sufficient factual basis. The recharacterization and treatment of plaintiff's motion to dismiss as a response to the section 2-1401 petition is critical to the analysis of plaintiff's challenges to the circuit court's ruling on the merits of the petition in this appeal.

¶ 17    When an opposing party answers a section 2-1401 petition on the merits, it is deemed to have waived questions of the petition's sufficiency and the petition is treated as having properly stated a cause of action. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Accordingly, as plaintiff's motion to dismiss was recharacterized and treated as a response to the petition, plaintiff is deemed to have waived any question of the petition's sufficiency. He is therefore precluded from making any argument as to the substance of the petition and whether it sufficiently raised a cause of action under section 2-1401. As such, our only determination regarding the petition is whether the circuit court abused its discretion in granting the petition and not whether the petition sufficiently presented a section 2-1401 cause of action.

¶ 18    Our supreme court has determined that several types of final dispositions are possible in section 2-1401 litigation: the circuit court can dismiss the petition, it can grant or deny the petition on the pleadings alone (summary judgment), or it can grant or deny relief after holding a hearing at which factual disputes are resolved. *Vincent*, 226 Ill. 2d at 9. Here, the record indicates that a hearing was held on both the petition and motion to dismiss (which resulted in the recharacterization and treatment of plaintiff's motion as a response). The circuit court subsequently granted the relief requested in the section 2-1401 petition after determining that defendants had

filed their appearance, answer, and affirmative defenses and further that the Covid-19 Pandemic provided a sufficient basis for excusing defendants' participation in the default judgment proceedings.

¶ 19    "Due diligence" requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 222 (1986). The petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Id.* In determining the reasonableness of the excuse offered by the petitioner, all of the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys. *Id.* at 222-23.

¶ 20    In this case, as the circuit court noted in its written order, defendants filed their initial answer, affirmative defenses, and counterclaims on May 29, 2019, more than one year prior to the entry of the default judgment, thus plaintiff was fully aware of their existence. The record also indicates that defendants' counsel was permitted to withdraw on February 18, 2020, and in less than a month thereafter, the Covid-19 pandemic was present in Illinois. While noting that plaintiff filed his initial motion for default judgment on March 16, 2020, and a subsequent notice regarding an amended motion to default on July 9, 2020, it bears mentioning that the Covid-19 pandemic essentially shut down all aspects of life in the State of Illinois. When the governor's quarantine orders went into effect, it caused most businesses to close and the court system suspended all civil proceedings from March 17, 2020, through July 6, 2020.  Plaintiff's notices of motion were served by mail sent to defendants' place of business; however, it stands to reason that since the State was operating under a quarantine order and defendant's business was likely closed, defendants may

not have actually receive such notices until much later, when they returned to their place of business. To that point, defendants' affidavit indicated that they were unaware of the default proceedings. Additionally, defendants averred that they were unable to secure counsel due to the Covid-19 pandemic, which was consistent with virtually all businesses being closed during the quarantine period. Shortly after the default judgment was entered, defendants were able to secure new counsel and filed their section 2-1401 petition soon thereafter: just 48 days after entry of the default judgment. We find that the unique circumstances related to the Covid-19 pandemic and its effect on "normal" operations in this State, particularly on what would have otherwise been ordinary tasks such as receiving and responding to mail sent to a place of business in a timely manner, created a reasonable excuse for defendants' lack of attention to plaintiff's suit.

¶ 21    The power to set aside a judgment, and thus allow a litigant to have his or her day in court, is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice. *Smith*, 114 Ill. 2d at 225. After reviewing the applicable case law on Illinois civil practice, our supreme court determined that a trial judge is authorized to enter judgment *sua sponte* on a section 2–1401 petition. *Warren County Soil*, 2015 IL 117783, ¶ 43 citing *Vincent,* 226 Ill.2d at 10–14 (2007).

¶ 22    Here, the parties filed both a petition and response, and no material factual issues were raised. Additionally, the court conducted a hearing and had the benefit of the record of prior proceedings. Therefore, we find that the trial court did not abuse its discretion when it granted defendants' section 2-1401 petition.

¶ 23    Next, plaintiff contends that the circuit court should have permitted discovery regarding the petition to vacate and erred in denying his request prior to "summarily" granting the petition.

Plaintiff cites no caselaw to support his argument that his discovery request should have been granted in this case, nor does he provide any examples of what such discovery could or would have revealed. As noted previously, plaintiff has not provided this court with a report of proceedings or acceptable substitute. Plaintiff's failure to provide a complete record on appeal leaves us unable to review the circuit court's ruling on his discovery request. A trial court has discretion over the conduct of discovery, and discovery orders will not be disturbed absent an abuse of discretion. *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 126. In the absence of a report of proceedings or acceptable substitute, we must presume that that the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 392. Accordingly, we affirm the circuit court's denial of plaintiff's discovery request.

¶ 24    For the foregoing reason, we affirm the decision of the circuit court of Cook County.

¶ 25    Affirmed.