2024 IL App (1st) 230009-U

No. 1-23-0009

Order filed March 28, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ALEX HARIED, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 705268 |
| | ) | |
| SEAN COLLEY and ALL UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | The Honorable |
| | ) | Perla Tirado, |
| (Sean Colley, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where appellant has failed to provide a sufficient record such that error can be determined.

¶ 2    Following a bench trial, the trial court entered an order granting plaintiff Alex Haried immediate possession of an apartment formerly rented to defendant Sean Colley, and requiring defendant to pay plaintiff damages and court costs totaling $5415. On appeal, defendant, *pro se*,

challenges the denial of his request for a continuance of trial, which, according to defendant, led to the money judgment. We affirm.

¶ 3 The record on appeal consists only of the common law record, without a report of proceedings or substitute therefor.

¶ 4 On June 24, 2021, defendant entered into a residential lease agreement with plaintiff for an apartment located on the 2700 block of West 24th Place in Chicago, Illinois. The lease period ran from July 1, 2021 to June 30, 2022.

¶ 5 On April 8, 2022, plaintiff filed a complaint for eviction, seeking possession of the apartment and $2900 as damages for past due rent through March 2022, plus court costs and any additional accrued rent. Defendant filed a *pro se* appearance. On the appearance form, defendant checked the box stating that he had "read and agree[d] to the terms of Clerk's Office Electronic Notice Policy and [chose] to opt in to electronic notice from the Clerk's office for this case at this email address." Defendant provided an email address on the form.

¶ 6 On July 29, 2022, the trial court entered an order stating that defendant appeared in court and "confirmed that the subject premises was vacated on June 30, 2022." Per the order, the case had not been settled in the Early Resolution Program and was transferred to courtroom 1404 for further proceedings at 9:30 a.m. on August 18, 2022. The record on appeal includes an E-Notice to defendant stating:

> "YOU HAVE A SCHEDULED ZOOM HEARING IN THE FIRST MUNICIPAL
> DISTRICT COURT OF COOK COUNTY EITHER BY PHONE OR VIDEO ON
> Thursday August 18 2022 AT 09:30 AM."

¶ 7 On August 18, 2022, the trial court set the case for trial at 9:30 a.m. on September 27, 2022, by Zoom. The order stated that plaintiff was present, but did not mention defendant.

¶ 8    The case proceeded to a bench trial on September 27, 2022. The court's written order reflected that defendant appeared *pro se*. The trial court granted plaintiff immediate possession of the apartment, which, according to the order, defendant confirmed he had already vacated. The court ordered defendant to pay plaintiff $5415 as damages and court costs.

¶ 9    Defendant filed a motion to reconsider. In his motion, he argued, among other things, that the trial court erred in denying him a continuance of trial, because he had not received proper notice of court proceedings since the case was transferred to courtroom 1404, he had moved twice during that time, and he was unable to properly respond to plaintiff's complaint. Plaintiff responded, asserting that a "proposed" copy of the August 18, 2022, order setting the trial date for September 27, 2022, was sent to defendant at the email address contained in his appearance.[1] Defendant filed a reply, attaching a copy of his complaint against plaintiff in a pending action, raising, *inter alia*, counts of breach of contract and failure to maintain the property in violation of municipal codes.

¶ 10    On December 2, 2022, the trial court entered an order stating that argument was held on defendant's motion to reconsider, with plaintiff's counsel and defendant present. The court denied defendant's posttrial motion "for the reasons stated in open court." Defendant filed a timely notice of appeal.

¶ 11    On December 5, 2023, this court entered an order on its own motion taking the case for consideration on the record and defendant's brief only. See *First Capitol Mortgage Corp. v.*

---

[1] Plaintiff appended a copy of the email as an exhibit to the response. The email was sent to plaintiff on August 18, 2022, at 10:57 a.m., and states that a "proposed order for this cause" was attached; the name of the attached file is "8.18.22 Proposed Order." As a separate exhibit to the response, plaintiff appended a copy of the order of August 18, 2022, signed by the trial judge. No proposed version of the order is included in the record on appeal.

*Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 12    On appeal, defendant argues that the trial court erred in denying his request for a continuance of trial and entering a money judgment in plaintiff's favor. Specifically, defendant contends a continuance was warranted because he did not receive notice of various court dates, disagreed with plaintiff's exhibits, lacked an opportunity to respond to the complaint and exhibits, and another case pended between the same parties. He also maintains that the money judgment in plaintiff's favor was improper where plaintiff conceded that defendant sent him written repair and rent deduction notices. Defendant further contends that the court ignored the municipal codes and his testimony at trial.

¶ 13    Initially, we note that defendant's brief, submitted using portions of the Supreme Court's approved preprinted appellant brief form, fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules that govern the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Among the deficiencies, defendant's brief provides no citations to the record and fails to set forth a statement of facts without argument or comment as required by Rule 341(h)(6). See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (the statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal").

¶ 14    Defendant's brief also fails to articulate a cohesive legal argument supported by relevant legal authority that would permit a meaningful review his claims as required by Rule 341(h)(7). See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (the argument "shall contain the contentions of the

appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). To the extent that defendant's brief fails to comply with the argument requirements set forth in Rule 341(h)(7), his arguments are forfeited. *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43; see *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45 (*pro se* litigants must still comply with all the same rules of procedure as other litigants). Moreover, it would be within our discretion to dismiss defendant's appeal based on his brief failing to comply with Rule 341(h). *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, we decline to do so and choose to consider the discernible merits of his appeal as it is apparent that defendant challenges the trial court's money judgment entered in plaintiff's favor. That said, the deficiencies in the record still prevent us from deciding the merits of his appeal.

¶ 15    As noted, the record on appeal does not include a report of proceedings. Defendant, as appellant, bears the burden of presenting a sufficient record so that this court may evaluate the alleged error. *Maniscalco v. Porte Brown LLC*, 2018 IL App (1st) 180716, ¶ 30. Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). An appellant's failure to provide this court with a sufficient record is construed against him (*Maniscalco*, 2018 IL App (1st) 180716, ¶ 30), and absent a sufficient record, we must presume that the trial court's order conformed with the law and had a sufficient factual basis (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)).

¶ 16    Here, defendant contends that the trial court erred in denying his request to continue trial, which, according to defendant, led to the entry of the money judgment against him following a bench trial on September 27, 2022. The record includes neither a written motion for a continuance

nor an order denying his request. Defendant also has not provided a transcript of the eviction proceedings or a proper substitute, such as a bystander's report or an agreed statement of facts, under Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 17    In this case, we lack a record of the evidence and arguments presented to the trial court that led to the judgment in plaintiff's favor, or its reason for denying defendant's request for a continuance. As a result, we lack a basis to determine whether the trial court abused its discretion in denying defendant's request for a continuance. See *Andersonville South Condominium Ass'n v. Federal National Mortgage Co.*, 2017 IL App (1st) 161875, ¶¶ 28-30 (whether to grant a continuance is within the trial court's discretion and may be granted on good cause shown). Likewise, we cannot determine whether the evidence supported the money judgment in plaintiff's favor. Accordingly, this record is insufficient for our review of defendant's contentions, and we must presume the trial court's decision conformed with the law and had a sufficient factual basis for its decision. *Foutch*, 99 Ill. 2d at 392.

¶ 18    For the foregoing reasons, we affirm.

¶ 19    Affirmed.